## Calvert v. Brock, et al.

(Decided March 16, 1911.)

### Appeal from Leslie Circuit Court.

Schools.—Section 4481a of the Ky. Stats. confers upon graded schools established by special acts of the Legislature all the powers and privileges in relation to the levying or taxes and issuing of bonds allowed to graded schools organized under the general law of the State by section 4481 of the Ky. Stats.

A. B. DIXON for appellant.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The town of Hyden in Leslie county is in the sixth class. In 1890 the legislature of the State enacted a law creating a public graded school district, embracing the

town of Hyden and some adjacent territory. Under the special act a graded public school has been taught in this district since that time. In 1910 the trustees of the school in the manner pointed out in section 4481 of the Kentucky Statutes called an election for the purpose of ascertaining the sense of the qualified voters of the district upon the question whether or not the trustees should levy a tax of fifty cents upon each one hundred dollars worth of property, and a poll tax of one dollar and fifty cents, and issue interest-bearing bonds, not to exceed ten thousand dollars, for the purpose of purchasing a building and site for a school house, equipping it with apparatus and maintaining therein a graded common school. At the election held for this purpose 34 votes were cast for and only 2 against the tax. Thereupon the trustees prepared to levy the tax and issue the bonds, when this suit was brought by a taxpayer in the district for the purpose of enjoining the board of trustees from issuing bonds, and the sheriff from collecting the tax. The validity of the election is assailed upon the ground that the board of trustees did not comply with section 4488 of the Kentucky Statutes providing in substance that the general graded school law of the State should not be applicable to any graded common school created under a special act of the General Assembly, unless a majority of the voters in the school district so created at an election held for that purpose accepted the provisions of the general graded common school law. The contention being that the only authority the trustees had for calling an election, or the people for voting a tax, is to be found in section 4481 of the Kentucky Statutes, which is not applicable to a district created by a special act, unless such district in the manner described in section 4488 of the Kentucky Statutes accepted the provisions of the general law.

Upon hearing the case the lower court dismissed the petition.

If section 4488 furnished the only means by which special districts could avail themselves of the provisions of the general law, there would be much force in this argument; but subsequent to the enactment of section 4488 and in 1902 the Legislature passed an act, now section 4481a of the Kentucky Statutes, providing that:

"That all of the rights and powers as to issuing bonds and levying of taxes to pay the principal and interest of

same mentioned in section 4481 of the Kentucky Statutes, as amended by the act of the General Assembly, approved March twelfth, one thousand eight hundred and ninety-six, Acts 1896, chapter 4, and for the purpose therein mentioned, are hereby applied to and conferred upon all graded common schools, maintained by any city of the fifth or sixth class, or any town or school district organized by virtue of a special act of the General Assembly.''

This act repealed by implication section 4488 so far as it applies to the districts mentioned in section 4481a, and expressly conferred upon such districts created by special acts all the powers and privileges granted by section 4481 to graded common school districts. It follows from this that the trustees of the district had the right to submit to the people in the manner pointed out in section 4481 the question of voting the tax and issuing the bonds assailed in this action.

Wherefore, the judgment of the lower court dismissing the petition is affirmed.