## J. B. COLT CO. v. KNIGHT & PERRY et al.
(No. 1185—5182.)

Commission of Appeals of Texas, Section A.
Feb. 13, 1929.

Jas. G. Cook, of Sinton, for plaintiff in error.

Felix Raymer and Boone & Savage, all of Corpus Christi, for defendants in error.

NICKELS, J. The opinion of the Court of Civil Appeals is reported at page 879 of 3 S.W.(2d). In avoidance of repetition we make reference to that opinion for a general statement of the nature of the suit.

The case is one which originated in the county court. The exceptional condition of jurisdiction in the Supreme Court alleged (article 1821, R. S. 1925) is asserted conflict of decision. The cases with which the present decision is said to conflict will be noticed below.

1. Bybee v. Embree-McLean Carriage Co. (Tex. Civ. App.) 135 S. W. 203; Fetzer v. Haralson (Tex. Civ. App.) 147 S. W. 290; Blackstad Merc. Co. v. J. W. Porter & Co. (Tex. Civ. App.) 158 S. W. 216; Clark v. Gaar-Scott & Co. (Tex. Civ. App.) 163 S. W. 681; Parrott v. Peacock Military College (Tex. Civ. App.) 180 S. W. 132; Inner Shoe Tire Co. v. Williamson (Tex. Civ. App.) 240 S. W. 330; L. D. Powell & Co. v. Sturgeon (Tex. Civ. App.) 299 S. W. 274. These cases, it is said, support the proposition of ineffectiveness of collateral (verbal) agreements, etc., and nonperformance thereof, as defense in a suit for purchase money resting in a contract, evidenced in writing, whose terms exclude the matter of the collateral agreements. There is lacking in each of those cases, however, an element present in the instant one, viz. the purchaser's signature of the instrument upon belief that it included the verbal promises, etc., with justifiable ignorance, grounded in fraud, mutual mistake, etc., of its omission thereof.

2. Commonwealth Bonding & Cas. Ins. Co. v. Barrington (Tex. Civ. App.) 180 S. W. 936, Lott Town & Imp. Co. v. Harper (Tex. Civ. App.) 204 S. W. 452, and Wagner v. J. B. Colt Co. (Tex. Civ. App.) 234 S. W. 934. In each of these cases it was held, according to the averments of the petition in error, that making and nonperformance of collateral (verbal) promises does not amount to fraud in procuration of the contract evidenced in writing; and the Court of Civil Appeals in the present case ruled contrarily, it is asserted, in giving effect to the defense of promises made and broken. The Court of Civil Appeals here proceeded upon the theory that the promises were not collateral ones, but were material parts of the contract itself, and their statement in the instrument signed were omitted through fraud or mutual mistake, etc.; and that is not the situation disclosed in either of the cases cited.

3. Dalton Adding Mach. Sales Co. v. Wicks & Co. (Tex. Civ. App.) 283 S. W. 642. In that case, it appears Wicks & Co. purchased apparatus upon representations that "it was mechanically constructed as a bookkeeping machine, to make and enter accounts, and add and substract credits and debits." They got possession February 1, 1922. Until March 1, 1922, the machine was not used. On the latter date use was undertaken, whereupon it was "ascertained that it was not a bookkeeping machine" and the seller was "so notified at once" with tender of the machine. The seller paid no attention to the notice, and the purchaser kept the machine and continued to use it "up until about July 1, 1922." Upon these facts the Court of Civil Appeals held that the alleged fraud, etc., in procuration of the contract, as a ground for rescission, had been waived. Like "facts" do not

appear in the present case. The seller recognized existence of the promissory representations and their nonfulfillment and at various times intervening delivery of the apparatus and filing of the suit made efforts to cure the defects, omissions, etc.

4. Since, in our opinion, the requisite comparability of facts and ruling do not exist (see Garitty v. Rainey, 112 Tex. 369, 247 S. W. 825), we have no rightful concern about the accuracy of decision in either of the cases cited or in the present case. We recommend that the writ of error be dismissed for lack of jurisdiction. City of Abilene v. Mc-Mahan (Tex. Com. App.) 292 S. W. 525; Jarecki Mfg. Co. v. Hinds (Tex. Com. App.) 6 S.W.(2d) 343.

CURETON, C. J. Writ of error dismissed, as recommended by the Commission of Appeals.