# JANUARY, 1939

W. A. SCHMID, RECEIVER, V. CITY NATIONAL BANK OF WICHITA FALLS, TEXAS, ET AL.

No. 7154. Decided March 30, 1938.
Rehearing overruled January 4, 1939.
(114 S. W., 2d Series, 854.)

*Hamp Spiller* and *Harry K. Brown,* both of Fort Worth, and *J. R. Wilson,* of Wichita Falls, for plaintiff in error.

The contract being usurious, each payment of interest by law applied to the payment of the principal so that at the time of the foreclosure all payments theretofore made as interest were by law applied to the principal, and the contract was not overpaid until the property was sold. City of Wink v. R. B. George Machinery Co., 73 S. W. (2d) 653; Ware v. Bennett, 18 Texas 794; Dodson v. Peck, 75 S. W. (2d) 461; International Bldg. & Loan Co. v. Biering, 86 Texas 476, 25 S. W. 622.

*Bullington, Humphrey & King,* of Wichita Falls, for defendant in error.

A suit of this nature is for money had and received, and if not filed within two years after the last payment made by plaintiff in error, said cause of action is barred by the two year statute of limitation. 29 Tex. Jur. 733-736; Johnson v. Puckett, 265 S. W. 713; Davidson v. Wright, 236 S. W. 776.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This suit was filed in the District Court of Wichita County, Texas, by W. A. Schmid, as receiver for the Zenith Oil Producing Company, against City National Bank of Wichita Falls, Texas, and City National Company of Wichita Falls, Texas, both corporations, to recover for usurious interest, alleged to have been paid on a loan negotiated and consummated as will be hereinafter shown. Trial in the district court, where the case was submitted to a jury on special issues, resulted in a verdict and judgment for the defendants. On appeal, this judgment was affirmed by the Court of Civil Appeals at Fort Worth. The receiver brings error.

On April 5, 1930, the Zenith Oil Producing Company, then not in receivership, approached the City National Bank for a loan of $30,000.00. The negotiations were had with J. T. Harrel, who was at the time the president of both the City Na-

tional Bank and the City National Company. On April 14, 1930, when negotiations were closed, an agreement was made by the terms of which the City National Company agreed to loan the Oil Company the sum of $30,000.00, on the condition that the Oil Company would execute a series of twelve notes, aggregating the principal sum of $33,000.00. It was agreed that the first four of the above-mentioned notes should be in the principal sum of $2,000.00 each; the next seven in the principal sum of $3,000.00 each; and the last, or twelfth, in the principal sum of $4,000.00. The first note was to mature May 15, 1930; and a note was to mature each succeeding month thereafter until the entire series of twelve notes was paid. All of the above notes were to bear interest from maturity at the rate of ten per cent. per annum. Such notes were duly executed and delivered in accordance with the above agreement on the 14th day of April, 1930.

At the time the above notes were executed and delivered, and as a part of the same transaction and contract, the Oil Company executed and delivered to J. T. Harrell, as trustee for City National Company, a deed of trust, generally speaking in ordinary form, covering a producing oil and gas lease on certain lands in this State, owned by the Oil Company. This deed of trust conferred full authority on the trustee to sell the oil and gas lease and apply the net proceeds to the payment of the above notes, and the overplus to be paid to the Oil Company, its successors and assigns.

At the time of the execution and delivery of the above-described twelve notes, aggregating the principal sum of $33,000.00, and the deed of trust securing the same, and as a part of the very loan transaction itself, the City National Company deposited in the City National Bank, to the credit of the Oil Company, the sum of $33,000.00. As soon as this was done, and as a part of the same transaction, the City National Company required the Oil Company, as a condition for making the loan, to pay it by check on the City National Bank the sum of $3,000.00. This check was given, and charged against the $33,000.00 deposit. This left, as a net result of the entire loan transaction, the sum of $30,000.00 to the credit of the Oil Company. Also it left the City National Company holding the notes of the Oil Company in the principal sum of $33,000.00.

■ Disregarding from and looking to substance, as reflected by the entire loan transaction, it amounted to nothing more, and nothing less, than a loan by the City National Company to the Oil Company of the principal sum of $30,000.00. The placing of $33,000.00 to the credit of the Oil Company in the

bank, and then requiring the Oil Company to immediately give the City National Company a check on the bank for $3,000.00, did not change the nature of the transaction. It would in law have been the same if the City National Company had deposited in the bank, to the credit of the Oil Company, $30,000.00, and not taken the $3,000.00 check above described. In other words, the above loan transaction was simply the lending by the City National Company to the Oil Company of the sum of $30,000.00, and the taking of notes therefor in the sum of $33,000.00. Nevels et al v. Harris, 129 Texas 190, 102 S. W. (2d) 1046; Addleson v. Dittmar, 124 Texas 564, 80 S. W. (2d) 939. If the contract under which the Oil Company borrowed such sum of $30,000.00, in writing, obligated it to pay more than ten per cent. per annum interest on the sum borrowed, it is, and was in its incipiency, usurious. Nevels v. Harris, supra; Addleson v. Ditmar, supra; Articles 5069 and 5071, R. C. S., 1925.

As already stated, the Oil Company borrowed $30,000.00. It obligated itself to repay said sum, and $3,000.00 additional, in stated monthly installments so that the time it could detain all the money borrowed amounted, on the average, to much less than a year. In spite of this, it was obligated in writing to pay $3,000.00, or ten per cent. of the entire amount borrowed, as interest. This was, and is, a contract to pay "exceeding ten per cent. per annum on the amount of the contract," for "the use or forbearance or detention of money." It follows that this contract is usurious, and was in its incipiency. In spite of this, it cannot be said that any usurious interest was paid in the beginning. The transaction, as consummated, simply amounted to the lending of $30,000.00, and the taking of $33,000.00 in notes. This is the common sense construction of the transaction.

■ Since the loan contract, including the twelve notes aggregating $33,000.00 and the deed of trust securing the same, was tainted with usury at the very moment it was entered into, it was "void and of no effect for the amount of value of the interest only" etc.; but such contract was good as to the "principal sum of money." In other words, the $3,000.00 of these notes, which represented interest charged, was void and of no effect at the very time they were executed; but the $30,000.00 of such notes, which represented the actual principal of the money loaned, represented a legal and binding contract, enforceable under the deed of trust or in the courts of this State. Article 5071, R. C. S., 1925.

■ Article 5073, R. C. S., 1925, provides:

"Within two years after the time that a greater rate of interest than ten per cent. shall have been received or collected upon any contract, the person paying the same or his legal representative may by an action of debt recover double the amount of such interest from the person, firm or corporation receiving the same. Such action shall be instituted in any court of this State having jurisdiction thereof, in the county of the defendant's residence, or in the county where such usurious interest shall have been received or collected, or where said contract has been entered into, or where the parties who paid the usurious interest resided when such contract was made."

It will be noted that the above article plainly, and in no uncertain terms, provides that the person paying usurious interest, or his legal representative, "may by an action for debt recover double the amount of such interest from the person, firm, or corporation receiving the same." The statute, however, limits the right to bring the action therein provided for to a time "within two years" after the date or time that the usurious interest is paid. The statute is plain on this matter of limitation, and admits of no construction.

On May 6, 1930, the City National Company transferred all of the twelve notes here involved, together with the deed of trust securing the same, to the City National Bank, and according to the allegations contained in the application for the writ of error, the Bank loaned the Oil Company some other small sums of money, which it paid with interest, with the exception of $119.77, which was unpaid at the time these oil leases were sold by the trustee, as will later appear in this opinion. Also it appears that after the bank became the owner of these $33,000.00 in notes the Oil Company paid it $8,000.00 on the principal thereof and $26.93 for interest after maturity. This of course takes no account of the $3,000.00 deducted in the beginning by the check transaction above detailed. The payments of the $8,000.00 and the $26.93 were made on various dates, beginning May 15, 1930, and ending on September 15, 1930, and took up the first four $2,000.00 notes of the original $33,000.00 in notes. As already shown, the original loan was for only $30,000.00. It follows that the Oil Company was entitled to have the entire $8,000.00 paid by it credited on the $30,000.00, leaving it owing at the time of the last payment above only $22,000.00. Of course this last sum treats $3,000.00 of the original $33,000.00 in notes as void.

As we understand this record, the Oil Company made no payments on its indebtedness to the bank after September 15,

1930, and on July 7, 1931, the bank, as the legal owner and holder of such indebtedness and deed of trust securing the same, caused the property covered thereby to be sold by the trustee, and at such sale bid it in at $25,000.00. This sum of $25,000.00 was credited principally on the balance of the $33,000.00 in notes held by the bank. We shall not attempt to detail the figures but, for the purpose of this opinion, we will assume that as the result of the trustee's sale the bank collected the balance of the principal of the $33,000.00 in notes, and thereby collected approximately $3,000.00 of usurious interest. Also we think by this transaction such interest was collected on the date of the sale, July 7, 1931. In this regard the jury found on competent evidence that the bank intended to apply the proceeds of the trustee's sale to its notes as of date the day of sale, July 7, 1931. We think that the record supports such finding, and that we are bound thereby.

It appears from the record before us that this suit was originally filed in the District Court of Wichita County on July 8, 1933. Any usurious interest that the City National Bank collected was so collected on or before July 7, 1931. In fact all interest but the $26.93 above shown was collected on said last-named date. It is thus plainly evident that this suit was not filed "Within two years" after the time or date the bank received or collected the usurious interest. It follows that under the plain terms of Article 5073, supra, any suit the Oil Company may have had for the recovery of double the amount of interest paid, as provided for in such statute, was barred by the two years statute of limitation therein provided, at the time this suit was filed. In this connection, it is held that the right to recover double the usurious interest paid is not available unless suit is instituted within two years after the time the usurious interest is paid. Roberts et al. v. Coffin, 22 Texas Civ. App. 127, 53 S. W. 597.

The deed of trust given to secure the notes here involved provides for the sale of the property covered thereby, and also particularly stipulates how the proceeds of the sale of such property shall be applied. In this connection, such deed of trust stipulates that such proceeds shall be applied, first to the expenses of the sale, etc. It then contains the following provision:

"The remainder, if any there shall be, after the payment of all of said costs and expenses and principal and interest of said notes shall be paid to the grantor, the said Zenith Oil Producing Company of Texas, or to its successors, assigns or legal representatives."

If we properly interpret his briefs and argument, counsel

for the receiver contends that, since the deed of trust and notes thereby secured were void as to interest, because in that respect usurious, the above clause in the deed of trust constituted a contract in writing to pay the Oil Company all of the proceeds of the trustee's sale, over and above the principal sum of money loaned. It is then contended that the four years statute of limitation, provided by Section 1 of Article 5527, R. C. S., 1925, covers this case, in so far as the right of the receiver to recover the interest is concerned. This statute provides:

"There shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

"1. Actions for debt where the indebtedness is evidence by or founded upon any contract in writing."

We are unable to see how it can be said that the above provision of the deed of trust can be construed as a contract in writing to pay the Oil Company the net proceeds of the trustee's sale, over and above the sum of money loaned. If it be treated as a contract in writing, it provides that the proceeds, "after the payment of all of said costs and expenses and principal and *interest* of said notes shall be paid to the grantor," etc. The part of this written contract which includes $3,000.00 of usurious interest was void,—not however by the terms of the contract but in contradiction thereof, and by operation of the statute. When usurious interest is charged in a written contract the rights of the parties are governed by law and not by such contract. It must follow that the provisions of Section 1 of Article 5527 cannot govern in this instance.

Counsel for the receiver earnestly contends that the opinion of this Court in the case of Texarkana & Ft. Worth Ry. Co. v. Houston Gas & Fuel Co., 121 Texas 594, 51 S. W. (2d) 284, is authority to hold that the four years statute of limitation applies to this case. That case was an action to recover damages for freight overcharges. The contract was a written bill of lading. We held that the bill of lading was a contract in writing, within the meaning of Section 1 of Article 5527, supra. We then held that an action for damages for the breach of a written contract was an action for debt, within the meaning of such statute. In other words, in that case we held that "actions for debt, founded on any contract in writing," include all suits to recover money for its breach without any technical distinction between debt and damages. Stated in another way, the opinion in that case holds that a suit for damages for the breach of a written contract is a suit founded on the contract.

The suit at bar, in the respect under discussion, is not a suit to enforce the terms of a written contract;—neither is it a suit for damages for the breach thereof. It is simply a suit for money had and received without any valid contract at all, and in violation of law. Such a suit is governed by the two years statute of limitation.

For the reasons stated in this opinion, the judgments of the Court of Civil Appeals and district court are both affirmed.

Opinion delivered March 30, 1938.

Rehearing overruled January 4, 1939.