**DULANEY et al. v. JACKSON et vir.**

**No. 11141.**

Court of Civil Appeals of Texas.
San Antonio.

April 1, 1942.

As Corrected on Denial of Rehearing

May 27, 1942.

Albert C. Dulaney, of San Antonio, for appellants.

John H. Wood, Edward Kremer, Jr., and W. W. Fowlkes, all of San Antonio, for appellees.

MURRAY, Justice.

This suit was instituted by Beulah Williams Jackson and husband against Albert C. Dulaney and R. Durston, seeking an injunction restraining the defendants from selling or offering for sale her home, described as Lots 16 and 17, in Block 6, New City Block 6045, in the City of San Antonio, Bexar County, Texas, under a power of sale given in a certain deed of trust from Beulah Williams Jackson to Albert C. Dulaney, Trustee, securing the payment of a certain deed of trust and mechanic's lien note for the principal sum of $605, signed by Beulah Williams Jackson and her husband, Curtis Jackson, and payable to Isaiah Harper, and endorsed by Isaiah Harper to R. Durston.

First, a temporary injunction was granted and upon final hearing, before the court without the intervention of a jury, a permanent injunction was granted. Beulah Jackson, a negress, had repaid more than the principal of the note, and the effect of the trial court's judgment was to hold that the interest provided for in the note was usurious and therefore uncollectible.

From this judgment Albert C. Dulaney and R. Durston have prosecuted this appeal. Appellants at first requested findings of fact and conclusions of law but later waived the same.

Appellants' first point is that Dulaney, as agent for R. Durston, simply purchased the note from the contractor, Harper, and that the transaction was not a loan of money by him, as such agent, to Beulah Williams Jackson. We overrule this contention. The evidence is sufficient to support an implied finding by the trial court that the true transaction was a loan of money by Dulaney, as agent for Durston, to Beulah

Williams Jackson, and that the making of the note to Harper and the transfer by him to Durston was a simulated transaction to cover up a usurious interest charge. The note was for the principal sum of $605 but only the sum of $585 was actually advanced. The note was made payable to Harper in San Antonio, Texas, or Wilmington, Delaware. Durston lived in Warren County, Kentucky, and there was no reason shown why Harper would want the note payable in Delaware. The note, deed of trust and mechanic's lien were all prepared in Dulaney's office, either by himself or his agents. They were all executed in his office, and in a few minutes after they were executed they were transferred by Harper to Durston. There was a power of attorney on record in Bexar County appointing Dulaney general agent for Durston. Dulaney stated to Beulah that he would loan her the money for the improvements. The note was payable in fifty-nine monthly installments of $12.50 per month, with a final monthly installment in the sum of $85.30. The note also provided the interest rate should be changed from 8% per annum, payable semi-annually, to 10% per annum in the event of any delinquency. 42 Tex.Jur. § 8, p. 885; Schmid v. City Nat. Bank, 132 Tex. 115, 114 S.W.2d 854; Burkitt v. McDonald, 26 Tex.Civ.App. 426, 69 S.W. 694; Temple Trust Co. v. Haney, 133 Tex. 414, 126 S.W.2d 950; Glenn v. Ingram, 133 Tex. 431, 126 S.W.2d 951.

Appellants next complain that the note was not usurious on its face, because payable in monthly installments for which no credit was given at the time made because such payments merely went into a sinking fund to guaranty the payment of the note. We overrule this contention. These monthly payments were to be made to Dulaney, who was doing business under the trade name of Mission Mortgage Company. Dulaney was the general agent of Durston, the lender of the money. When these monthly installments were made Beulah completely lost control over the money and Dulaney gained complete control over it. Such an arrangement constitutes a payment on the note and not merely a payment into a sinking fund to be later applied as a payment on the note. Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.2d 282, 39 S.W.2d 11, 84 A.L.R. 1269; Jenkins v. Dugger, 6 Cir., 96 F.2d 727, 729, 119 A.L.R. 1484; National Life Ins. Co. v. Shroeder, Tex.Civ.App., 94 S.W.2d 868.

The judgment is affirmed.