**HOUSE BUILDERS, INC., Appellant,**

v.

**FIRST BUSINESS INVESTMENT CORP.**
**et al., Appellees.**

No. 4845.

Court of Civil Appeals of Texas.

Waco.

Dec. 11, 1969.

Rehearing Denied Jan. 8, 1970.

Matthews & Thorp, Dallas, for appellant.

Collie & McSpedden, Dallas, for appellees.

OPINION

WILSON, Justice.

Summary judgment based on the bar of the statute of limitation was rendered against plaintiff in this suit to recover damages under Art. 5073, Vernon's Ann. Civ.St., for alleged payment of usurious interest. We affirm.

Considered most favorably to plaintiff the record shows House Builders, Inc. borrowed $42,000 from defendant, First Business Investment Corporation. In consideration of the loan plaintiff executed a deed of trust note dated August 19, 1960 for $54,000 payable in 60 monthly installments of $900, paid to defendant Bromac Corporation $2,250 cash out of the proceeds of the loan, and executed a deed to Bromac conveying realty of the value of $22,000. It was alleged defendants intended thereby to exact more interest for the forbearance and detention of money than is allowed by law.

Plaintiff alleged it made payments as follows: $4000 in monthly payments of $1000 each from September 19, 1960 through January 2, 1961; $17,000 in such $1000 monthly installments from January 3, 1961 to June 17, 1962; $7,900 June 18, 1962; $4500 paid in $900 monthly installments from June 19, 1962 through October 19, 1962; $20,600 on November 1, 1962. Among other exceptions and defenses, defendants plead the two-year statute of limitation.

House Builders, Inc. was merged January 10, 1961 with Len-Tex Corp., the latter being the surviving corporation. Defendants asserted in their motion for summary judgment that by the merger the separate existence of House Builders, Inc. then terminated and Len-Tex Corp. succeeded to any cause of action the demised corporation owned; that Len-Tex Corp. was the only entity which was entitled to maintain the

suit, and it had not done so within two years or otherwise.

Plaintiff's argument on appeal is devoted primarily to convincing that by Art. 5.06, Sec. (5), Texas Business Corporation Act, V.A.T.S., the surviving corporation is entitled to bring the action on behalf of, and in the name of House Builders, Inc. That statute provides that "any claim existing" by a merged corporation "may be prosecuted as if such merger or consolidation had not taken place", or the "new corporation may be substituted in its place". Sec. (4) of Art. 5.06 provides that the surviving corporation possesses the rights, choses and other property of the merged corporation, as plaintiff contends.

The ownership of and the right to maintain suit on the claim, however, is not the issue on which the appeal must be resolved. The true issue is whether under this statute the claim sued on was actually a *"claim existing"* in House Builders' favor at the time of merger on January 10, 1961.

Art. 5073, which is the only source of a cause of action in favor of House Builders, Inc., restricts the right of recovery to "the person paying" usurious interest, or his representative; and it requires the suit to be brought within two years after the time such payment was *"received or collected"*, or was in fact paid. Schmid v. City Nat. Bank of Wichita Falls (1938), 132 Tex. 115, 114 S.W.2d 854, 856.

House Builders, the only entity which could originally have a cause of action for the payment, obviously could make a payment only while it existed as a corporate entity if it is to have a "claim existing" under Art. 5.06 at the time of the merger. If Len-Tex Corp. made payments on the debt after merger, the payments constituted a new and separate cause of action for which Len-Tex alone could sue. Len-Tex Corp. is not a party to the suit.

Any payment made by House Builders before merger January 10, 1961 was barred two years after payment. This suit was not brought by any plaintiff within two years after any such payment by House Builders, Inc. The take-nothing summary judgment was correctly rendered.

Affirmed.