Colon L. DOUGLAS, Appellant,

v.

FIRST STATE BANK OF ATHENS, Texas, Appellee.

No. 18855.

Court of Civil Appeals of Texas. Dallas.

May 20, 1976.

Rehearing Denied June 17, 1976.

**180**

L. F. Sanders, F. Dennis White, Canton, for appellant.

B. J. Wynne, W. Bruce Monning, Wills Point, for appellee.

AKIN, Justice.

Plaintiff Colon L. Douglas appeals from a summary judgment rendered against him in favor of the defendant First State Bank of Athens, Texas. The principal question presented is whether, as against a motion for summary judgment based on a plea of limitation and on allegations in plaintiff's petition that the wrong occurred more than four years before the suit was filed, plaintiff has the burden to present summary-judgment evidence raising a fact issue on some ground to avoid the bar of limitations.

On March 4, 1967, plaintiff deeded land located in Van Zandt County to Oran E. Neill. On March 11, 1967, Neill used this land as collateral to secure a loan from the bank. On May 16, 1972, plaintiff filed suit against Neill, alleging that Neill had obtained the deed by fraud, sought cancellation of the deed, and alternatively pleaded for damages. On March 13, 1974, plaintiff, for the first time, sued the bank alleging that it had ratified Neill's alleged fraud and, therefore, sought identical remedies against the bank. The bank filed its motion for summary judgment asserting the affirmative defense of limitations based on the facts alleged in the petition. Plaintiff opposed the motion asserting that his pleading raised genuine issues of fact with regard to the fraud and that the bank had produced no evidence supporting its motion. The trial court overruled these contentions, granted the bank a summary judgment, and severed the claim against the bank from the claim against Neill. Plaintiff appeals. We affirm.

When a defendant moves for a summary judgment on the theory that plaintiff's suit is without merit, he has the burden of establishing as a matter of law that there are no genuine issues of fact as to any essential element in plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970). The rule is different, however, where a defendant asserts an affirmative defense to the plaintiff's action and presents summary-judgment evidence sufficient to establish the affirmative defense as a matter of law. In such a case, plaintiff must, if he wishes to avoid the summary judgment, adduce evidence raising a fact issue concerning the affirmative defense established. *Nichols v. Smith*, 507 S.W.2d 518, 520 (Tex.1974); *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936 (Tex.1972). Here, the basis of plaintiff's suit against Neill was an allegation of fraud allegedly perpetrated on plaintiff by Neill more than five years before the filing of suit and more than seven years before the bank was named as a party to this litigation. The allegations of the petition are judicial admissions binding on plaintiff and thus constitute summary-judgment evidence against him. *Safety Casualty Co. v. Wright*, 138 Tex. 492, 160 S.W.2d 238, 245 (1942); *Canales v. Bank of California*, 316 S.W.2d 314, 318 (Tex.Civ.App.— Eastland 1958, writ ref'd n.r.e.). These allegations establish the limitation defense asserted by the bank as a matter of law since they establish that the fraud took place more than four years before the bank was sued. Consequently, plaintiff had the burden of coming forth with summary-judgment evidence to show that there was an issue of fact with regard to the limitations plea rendering it inapplicable. *Nichols v. Smith, Id.* at 521.

Plaintiff argues that his pleadings raise a fact question on the issue of fraud and the bank's ratification of fraud and, consequently, that nothing further was required to avoid the summary judgment. We cannot agree. Although the allegations of the petition are judicial admissions binding on plaintiff, they are not summary-judgment evidence in his favor. The petition establishes the relevant dates for purposes of the bank's motion; but, it does not supply summary-judgment evidence of any ground on which the plea of limitation may be avoided. In order for plaintiff to avoid summary judgment in favor of defendant on limitation, plaintiff was required to show by summary-judgment proof that the bank's plea was not applicable. This plaintiff failed to do. Since plaintiff had the burden to come forward with summary judgment proof and failed so to do, the trial court correctly rendered summary judgment for the bank. In view of this holding, plaintiff's other points are immaterial.

Accordingly, the order of the trial court is affirmed.