Jerry A. WHATLEY, Appellant,

v.

**NATIONAL BANK OF COMMERCE,**
Appellee.

No. 19196.

Court of Civil Appeals of Texas,
Dallas.

Aug. 10, 1977.

Raymond A. Enstam, Dallas, for appellant.

Mark C. Clements, Geary, Stahl, Koons, Rohde & Spencer, Dallas, for appellee.

AKIN, Justice.

This is an appeal from a summary judgment rendered in favor of counterdefendant National Bank of Commerce. The bank originally sued Whatley on a note. On September 27, 1976, Whatley filed a counterclaim alleging several causes of action against the bank. A jury trial on the original action resulted in a judgment in favor of the bank which is not complained of here. Subsequently, the bank filed a motion for summary judgment alleging that the causes of action stated in the counterclaim were barred by the statute of limitations. Neither side presented any summary judgment evidence. We hold that Whatley's petition does not affirmatively show that the claims for money had and received, usury, failure of consideration, and fraud are barred by the statute of limitations. Accordingly, we reverse the judgment and remand for further proceedings with respect to these actions. However, with respect to Whatley's actions based on duress, we affirm because he had the burden to show by summary judgment evidence when the duress was removed.

The counterclaim indicates that the bank held notes executed by Whatley prior to the time that the incidents alleged as the basis of the counterclaim occurred. The first incident alleged occurred in May 1968 when Whatley contends the bank coerced him into guaranteeing a $64,000 loan to Sam Thomas. Whatley also alleges that the bank in October 1968, required Whatley to guarantee a $33,000 loan which it was unable to collect from its original maker, Sydney Kanaster. Whatley alleges that he was required to execute this guaranty in order to obtain a $200,000 loan commitment from the bank. The bank subsequently refused, however, to make the $200,000 loan. Whatley also contends that he had no connection with Kanaster or Thomas and that he had no reason to guarantee their notes other than the coercive actions of the bank. In May 1969 Whatley alleges that the bank

forced him, by use of threats, to replace the Thomas and Kanaster notes with his personal notes. Whatley also alleges that he borrowed $95,000 from the bank in November 1969 to enable him to purchase thirty-three percent of the outstanding stock of Trans Services, Inc. He contends that the bank required that Whatley cause Trans Services to acquire Govan Express, Inc., which was indebted to the bank, and required that Trans Services pay off $90,000 of Govan's indebtedness. Finally, Whatley contends that the bank required him to sell his Trans Services stock for $140,000 at a time when the stock was actually worth $540,000. This occurred sometime in 1971.

Since no summary judgment evidence was introduced, the trial court properly rendered summary judgment only if the counterclaim affirmatively alleges facts which negate the existence of a cause of action or disclose an insurmountable barrier to recovery. *Texas Department of Corrections v. Herring*, 513 S.W.2d 6, 9 (Tex.1974); *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972); *Douglas v. First State Bank of Athens*, 538 S.W.2d 179, 181 (Tex.Civ.App.— Dallas 1976, no writ). The summary judgment procedure is not to be utilized as a substitute for special exceptions; summary judgment is not proper if the petition merely fails to allege a proper cause of action. *Herring* at 9. Since the only ground alleged in the motion for summary judgment is that the causes of action are barred by the statute of limitations, our sole inquiry is whether the petition affirmatively shows that the causes of action which Whatley has alleged or attempted to allege are barred. Resolving all doubts in favor of Whatley we construe the petition as attempting to set up the following causes of action: (1) Thomas and Kanaster notes: Whatley seeks recovery of the $97,000 paid on the basis that (a) it constitutes money had and received since it was paid pursuant to guaranties executed without consideration; (b) it constitutes payment of usurious interest on previously existing loans from the bank to Whatley; and (c) the guaranties should be rescinded due to fraud, duress, or failure of consideration, and any money paid pursuant

to the guaranties should be returned; (2) Trans Services Loan: Whatley seeks recovery of the $90,000 which was required to be applied to the debts of Govan Express on the basis that it constituted usurious interest on the $95,000 loan to Trans Services; and (3) Sale of Trans Services stock: Whatley seeks recovery of the $400,000 which he lost due to the bank's coercing him to sell his stock at a loss. We do not express an opinion as to whether any of these causes of action were properly pleaded.

Thus, Whatley's counterclaim includes actions for money had and received, usury, duress, and rescission based on fraud, failure of consideration and duress, and the return of any moneys paid pursuant to the rescinded notes. The question, then, is when the statute of limitations begins to run on each of these causes of action and whether Whatley's petition affirmatively establishes these dates which would be admissions against Whatley insofar as each pertains to the bank's summary judgment. Since neither party introduced any summary judgment evidence, the result is dictated by which party had the burden of proof concerning the statute of limitations.

## The Burden of Proof

The supreme court has distinguished between situations where the petition affirmatively shows that the limitations period has expired and the nonmovant seeks to avoid limitations in some manner and situations where the petition does not affirmatively show that the statute of limitations has run. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex.1975) (per curiam); *Oram v. General American Oil Co.*, 513 S.W.2d 533, 534 (Tex.1974) (per curiam). In the former situation, the nonmovant has the burden of producing evidence sufficient to raise a fact question as to the grounds for avoiding limitations; in the latter situation, the movant must establish that the suit is barred by limitations as a matter of law. In cases based upon fraud and duress, the courts have stated that the statute of limitations does not begin to run until the

fraud is discovered or the duress removed. The question presented is whether these delays in the running of limitations are in the nature of an estoppel or avoidance of limitations. If so, the nonmovant had the burden of presenting evidence and, having failed to do so, the summary judgment was properly granted.

In *Nichols v. Smith,* 507 S.W.2d 518 (Tex. 1974), the court held that plaintiff's medical malpractice claim was barred by the two-year statute of limitations since the record showed that the operation was performed in 1966 and the action was not filed until 1970. Plaintiff contended that the defendant fraudulently concealed the injury from her and that she did not discover the injury until 1969. The court concluded that plaintiff's claim of fraudulent concealment was, in effect, an affirmative defense in the nature of an estoppel to the affirmative defense of limitations. Thus, the burden was on the nonmovant plaintiff to present evidence raising a fact issue on this question in order to avoid the defense of limitations. However, the court reserved the question concerning the result under the discovery rule according to which certain causes of action do not accrue until the plaintiff discovers or should have discovered certain material facts, as contrasted with the fraudulent concealment claim.

In *Oram v. General American Oil Co.,* 513 S.W.2d 533 (Tex.1974) (per curiam), the court of civil appeals affirmed a summary judgment because the plaintiff had become competent to bring the action in 1953, but had not filed the suit in the probate court until 1958, and the four-year statute of limitations had therefore expired. Plaintiff asserted that under Tex.Rev.Civ.Stat.Ann. art. 5539a (Vernon 1958), the statute of limitations ceased running in 1956 when the plaintiff filed the same action in the district court since the district court dismissed it for want of jurisdiction and she had refiled it in the probate court within sixty days. The court of civil appeals held that the nonmovant plaintiff had the burden of establishing the applicability of article 5539a and that she had failed to sustain her burden since the copy of the judgment attached to her affidavit did not expressly state that the dismissal was for want of jurisdiction. The supreme court held, however, that the burden was on the movant, stating that the nonmovant has no burden of responding to a motion for summary judgment unless the defendant has affirmatively established its defense. The court stated that the affirmative defense was not established since it was contended that the statute of limitations stopped running in 1956 under article 5539a. The court went on to say, however, that it would be a different matter if the movant had established the limitations defense and the nonmovant had attempted to interpose an estoppel to avoid the defense.

In *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889 (Tex.1975) (per curiam), the plaintiff sued for negligent construction of a building. The cause of action, which was governed by the two-year statute of limitations, accrued on July 2, 1971, and suit was filed on June 28, 1973. However, plaintiff did not request issuance of citation until August 3, 1973. In response to the motion for summary judgment, plaintiff contended that it had used diligence in attempting to secure citation, thus tolling the statute of limitations, and that Tex.Rev.Civ.Stat.Ann. art. 5537 (Vernon 1958), which provides that the time a defendant is absent from the state shall not be counted as part of the limitations period, suspended the statute of limitations for a sufficient period to make their service timely. The court of civil appeals, in affirming the summary judgment, held that the nonmovant plaintiff had the burden on each of these issues, that lack of diligence was shown as a matter of law, and that the plaintiff had failed to meet its burden of showing that the defendant had been absent from the state a sufficient time to make service timely. The supreme court held, however, that the court of civil appeals had misplaced the burden on both issues, saying that where the plaintiff interposes a suspension statute or pleads diligence in securing citation, the movant's burden includes negating these contentions. The court went on to say:

*Oram* recognized a distinction between pleas by the non-movant which challenge the existence of limitations, such as involved here, and those which do not challenge the limitations defense, but are affirmative defenses in the nature of confession and avoidance. In the latter instance, the non-movant does have the burden of raising a fact issue with respect to his affirmative defense.

*Id.* at 891.

### Fraud

 The statute of limitations on a cause of action based upon fraud does not begin to run until the fraud is discovered, or until the plaintiff acquires such knowledge as would lead to its discovery if reasonable diligence was exercised. *Ruebeck v. Hunt,* 142 Tex. 167, 176 S.W.2d 738, 739 (1943); *Ryan v. Collins,* 496 S.W.2d 205, 211 (Tex.Civ.App.—Tyler 1973, writ ref'd n. r. e.). That is, the statute of limitations for causes of action based upon fraud is governed by the discovery rule. *Kelley v. Rinkle,* 532 S.W.2d 947, 948 (Tex.1976). In *Weaver v. Witt,* 552 S.W.2d 565 (Tex.Civ. App.—Houston [14th Dist.], (1977), the court held that the nonmovant plaintiff had the burden of establishing that the cause of action was not barred by the statute of limitations under the discovery rule. The court concluded that the discovery rule is a plea in confession and avoidance like fraudulent concealment in *Nichols v. Smith,* 507 S.W.2d 518 (Tex.1974). However, in *Nichols,* the supreme court was careful to note that consideration of the discovery rule was excluded from its decision. The implication is that the *Nichols* court was of the opinion that the result might be different if the discovery rule, rather than fraudulent concealment, had been the issue under consideration. The supreme court has held that where the discovery rule is applicable, the cause of action does not accrue until the facts are actually discovered or should have been discovered through the exercise of reasonable diligence. *Kelley v. Rinkle,* 532 S.W.2d 947, 948 (Tex.1976); *Gaddis v. Smith,* 417 S.W.2d 577, 579–81 (Tex.1967). Since the petition does not affirmatively disclose when the fraud was or should have been discovered, we cannot determine when the statute of limitations began to run. Summary judgment on the pleadings on the ground that the action is barred by limitations is improper where the petition does not disclose when the cause of action accrued. *Frosh v. Swett,* 2 Tex. 485, 487–88 (1847). Therefore, we hold that pleading facts which would make the discovery rule applicable effectively challenges the existence of the limitations as a defense, rather than being a plea in confession and avoidance, under the rule set out in *Oram* and *Rosenbaum.* The movant had the burden of establishing that the causes of action based on fraud accrued at such a time that they are now barred by limitations. Accordingly, we expressly disagree with the holding of the court of civil appeals in *Weaver.*

We also note our previous decision in *Douglas v. First State Bank,* 538 S.W.2d 179 (Tex.Civ.App.—Dallas 1976, no writ) (per Akin, J.), in which we held that the defendant had established the affirmative defense of limitations because plaintiff's petition alleged that the fraud had occurred more than five years before suit was filed and that the plaintiff had the burden of coming forth with summary judgment evidence to show that there was a fact question on an issue which would make the limitations bar inapplicable. Insofar as that opinion may be construed as holding that a cause of action based on fraud accrues when the fraud is committed instead of when the fraud is actually discovered, it is overruled.

### Duress

 In discussing the statute of limitations in cases concerning duress, the courts have referred to the cause of action as not accruing until the duress is removed and have also referred to the continued existence of the duress as a tolling of the statute of limitations. *Pierce v. Estate of Haverlah,* 428 S.W.2d 422, 426 (Tex.Civ. App.—Tyler 1968, writ ref'd n. r. e.); *Cadena v. Cadena,* 223 S.W.2d 678, 681 (Tex.Civ. App.—San Antonio 1949, writ ref'd n. r. e.).

A careful reading of these cases, however, discloses that the burden of showing the continued existence of duress is on the plaintiff asserting that the cause of action is not barred by the statute of limitations. Thus, we hold that the action accrues when the wrongful act occurs and that duress may be asserted as a tolling of the statute of limitations. Insofar as duress is urged as a tolling of the statute of limitations, it is in the nature of an estoppel or avoidance of the bar, similar to fraudulent concealment in *Nichols.* Therefore, when the petition discloses that the acts complained of occurred more than four years prior to the filing of the plaintiff's petition, the actions based on duress are barred by any applicable statute of limitations unless the plaintiff meets its burden of raising a fact question on the continued existence of the duress until a time within the limitations period. *Haverlah* at 427–28; *McNeill v. Lovelace,* 529 S.W.2d 633, 637 (Tex.Civ.App.—Fort Worth 1975, no writ). We recognize that the supreme court's decisions in *Oram* and *Rosenbaum* place the burden of negating suspension of the statute of limitations on the movant-defendant, rather than the plaintiff; however, each of these cases relies on *Nichols.*[1] We are unable to perceive any material distinction between duress and fraudulent concealment as they relate to limitations. Each prevents the limitations from running until some future date—either discovery of the true facts or termination of the duress; neither prevents the cause of action from actually accruing until that future date, such as is true with the discovery rule. Since *Haverlah* and *Cadena,* the two principal cases dealing with duress and limitations, place the burden on the plaintiff, we feel constrained to do likewise under *Nichols,* although the distinction between fraudulent concealment and duress on the one hand, and diligence in securing citation and suspension on the other, is a fine one. We see no rational justification for permitting some plaintiffs to avoid summary judgment based on limitations merely by pleading suspension of the statute of limitations while requiring other plaintiffs to present summary judgment evidence to avoid the bar of the statute. Likewise, we regard as tenuous and confusing the distinction, implicit in *Nichols,* between plaintiff's failure to discover defendant's actionable fraud (in which case the cause of action does not accrue until he should have discovered it), and plaintiff's failure to discover defendant's fraudulent concealment of facts essential to the cause of action (in which case the cause of action accrues immediately, but defendant is estopped to plead limitations). If the suit is based on actionable fraud, that same fraud will often serve to conceal the existence of material facts, and thus the burden of presenting summary judgment proof is made to turn on niceties of pleading or argument on appeal. A rational rule would provide that the result be the same in both situations.

### Causes of Action Based on Money Had and Received, Usury, and Failure of Consideration

 The statute of limitations on an action for money had and received runs from the date that payment is made. *City of Beaumont v. Moore,* 146 Tex. 46, 202 S.W.2d 448, 452 (1947); *Knox v. Stephens,* 285 S.W.2d 883, 885 (Tex.Civ.App.—San Antonio 1955, writ ref'd n. r. e.). The statute of limitations for rescission based on failure of consideration does not begin to run until the failure of consideration occurs. *J. B. Colt Co. v. Knight & Perry,* 3 S.W.2d

1. The supreme court, in *Nichols,* cites three authorities in support of its holding that fraudulent concealment is an "estoppel." Two of these, *Owen v. King,* 130 Tex. 614, 111 S.W.2d 695, 697 (1938) and 51 Am.Jur.2d *Limitation of Actions* § 147 (1970), merely hold that fraudulent concealment will postpone the running of the statute of limitations until the fraud is discovered; *Owen* refers to fraudulent concealment as a tolling and avoidance of the statute of limitations. In *Barnard v. Thompson,* 138 Tex. 277, 158 S.W.2d 486 (1942), the supreme court reversed the trial court's dismissal of the action on the basis of defendant's special exception alleging limitations, holding that the plaintiff's *allegations* were sufficient to raise the issue of fraudulent concealment. Thus, it does not appear that the cases cited actually support the court's conclusion.

879, 881 (Tex.Civ.App.—San Antonio 1928), *writ dism'd w. o. j.,* 13 S.W.2d 357 (Tex. Com.App.1929, judgmt. adopted); *see Gibson v. Fifer,* 21 Tex. 260, 263–64 (1858). Tex.Rev.Civ.Stat.Ann. art. 5069–1.06(3) (Vernon 1971) provides that all actions for usury brought under the penalty provisions of that article "shall be brought . . . within four years from the date when the usurious charge was *received or collected.*" Thus, the statute of limitations does not begin to run until the usurious interest is actually paid. *Schmid v. City National Bank,* 132 Tex. 115, 114 S.W.2d 854, 856–57 (1938); *Ware v. Paxton,* 266 S.W.2d 218, 226 (Tex.Civ.App.—Eastland 1954, writ ref'd n. r. e.).[2]

 As previously noted, the statute of limitations defense must affirmatively appear from Whatley's petition. The pertinent dates concerning when these causes of action accrued are: (1) when Whatley paid the $97,000 for which he ostensibly became liable on the Thomas and Kanaster notes; (2) when Trans Services paid the $90,000 on Govan Express's debts; and (3) when the bank refused to honor its commitment to loan Whatley $200,000. The bank contends that the petition affirmatively shows that Whatley paid the $97,000 in May 1969 when he executed a replacement note. However, execution of a subsequent note does not constitute payment of usurious interest. *Ware v. Paxton,* 266 S.W.2d 218, 226 (Tex. Civ.App.—Eastland, 1954, writ ref'd n. r. e.). Similarly, the action for money had and received requires that the bank actually have received money from Whatley, not merely a promise to pay money. The petition does not state when the $97,000 was actually paid. Neither does the petition state when Trans Services actually paid the $90,000 of Govan's indebtedness. Likewise, the petition does not affirmatively show when the bank refused to honor its commitment to make the $200,000 loan. Since the crucial facts of when these causes of action accrued are not shown by the petition, we cannot determine when the relevant statute of limitations began to run. Therefore, we cannot sustain the summary judgment as to these actions. *Frosh v. Swett,* 2 Tex. 485, 487–88 (1847). Accordingly, we reverse and remand for further proceedings on these claims.

### The Bank's Failure to Answer Interrogatories

Whatley also asserts that the trial court abused its discretion in rendering summary judgment against him because the bank had not answered interrogatories which Whatley had propounded. However, the record does not show that Whatley requested a continuance or requested the trial court to impose sanctions against the bank for such failure. Additionally, since we are sustaining the summary judgment solely as to the causes of action based on duress and since the information necessary to defeat the limitations bar—when the duress was removed—would be within Whatley's knowledge and could have been presented by him in an affidavit, the error, if any, was harmless.

Affirmed in part and reversed and remanded in part.

---

**2.** Tex.Rev.Civ.Stat. art. 5073 (1925), the statute in effect at the time *Schmid* and *Ware* were decided, has been superseded by article 5069–1.06. Article 5069–1.06 retains the language which provides that actions shall be brought within a specified period of time "from the date when the usurious charge was received or collected."