**Harry LEWIS, Plaintiff-Appellant,**

v.

**James J. LING et al., Defendants-Appellees.**

**No. 168, Docket 73-1564.**

United States Court of Appeals, Second Circuit.

Argued Nov. 29, 1973.

Decided Dec. 10, 1973.

Sidney L. Garwin, New York City (Garwin & Bronzaft, New York City, on the brief), for plaintiff-appellant.

Robert B. Fiske, Jr., New York City (Arthur F. Golden, Mary E. Wagner, and Davis, Polk & Wardwell, New York City, on the brief), for defendants-appellees Ling, Thayer and Weldon.

Before MOORE, HAYS and TIMBERS, Circuit Judges.

PER CURIAM:

On this appeal from a judgment entered after a bench trial in the Southern District of New York, Lloyd F. MacMahon, District Judge, 353 F.Supp. 241, dismissing a stockholder's derivative action brought on behalf of LTV Corporation alleging that three top officers and directors of LTV committed fraud and breached contracts with LTV because they sold on the public market a portion of their stockholdings in LTV which they had acquired under LTV's stock option plan, we affirm on the ground that the district court's findings that defendants bought their option stock for investment and with an intention to hold it as an investment are supported by substantial evidence.

Affirmed.

---

**Ioannis ZORGIAS and Dimitrios Velentzas, Plaintiffs-Appellants,**

v.

**The SS HELLENIC STAR and HELLENIC LINES, LTD., Defendants-Appellees.**

**No. 73-1409.**

United States Court of Appeals, Fifth Circuit.

Dec. 18, 1973.

Frank S. Bruno, James D. Estopinal, New Orleans, La., for plaintiffs-appellants.

James H. Roussel, Winston E. Rice, New Orleans, La., for Hellenic Lines, Ltd.

Before JOHN R. BROWN, Chief Judge, and GEWIN and GOLDBERG, Circuit Judges.

PER CURIAM:

The District Court was correct in ruling that the settlement decree of the Greek court was a binding judgment to which res adjudicata consequences should be afforded. In view of this we do not pass upon the correctness of the District Judge's ruling and decision on the issue of laches.

Affirmed.