Daniel KELLY et al., Appellants,

v.

Sally Jo Dallas Mallow Kelly DORSETT
et al., Appellees.

No. 19892.

Court of Civil Appeals of Texas,
Dallas.

April 24, 1979.

Rehearing Denied May 24, 1979.

Calvin A. Barker, Jr., Dallas, for appellants.

Les E. Shackleford, Jr., Dallas, Gerald S. Reamey, Power, Ashley & Kinkeade, Irving, for appellees.

Before AKIN, ROBERTSON and CARVER, JJ.

AKIN, Justice.

Plaintiffs, heirs of James B. Kelly, deceased, sued his independent executrix, Sally Jo Dorsett and others, in 1977 for conspiracy and fraud in disposing of certain assets of the decedent. All defendants filed motions for summary judgment on the ground that the statute of limitations had run because plaintiff knew or should have known of the alleged fraud at the time a final accounting was filed in the probate court on December 17, 1971. Consequently, defendants reason that limitations ran in 1975, four years after the final accounting in 1971, and therefore, this suit was barred when it was filed on November 13, 1977. The trial court granted summary judgment on this ground. We hold, however, that under the "discovery rule" the time when the plaintiffs knew or should have known of the fraud was a question of fact and could not be determined on summary judgment. Accordingly, we reverse and remand.

Plaintiffs alleged that the executrix in violation of her fiduciary duty to the estate under the Texas Probate Code entered into a conspiracy with the other defendants to defraud plaintiffs. In this respect, plaintiffs alleged that on November 1, 1970, the defendant executrix sold an apartment complex to her daughter and son-in-law by lending them the purchase money. On May 10, 1971, the apartment complex was resold to the executrix for cancellation of the indebtedness, but the deed was not filed for record until April 26, 1972. The final accounting of the executrix was filed December 17, 1971. During the time the property was held in the name of the executrix's daughter and son-in-law, the executrix collected all rents and paid all expenses in her individual capacity. On December 30, 1970, the same date on which the apartment complex was sold out of the estate, the executrix conveyed from the estate a residence to appellee Pursley. On March 10, 1972, this property was also reconveyed to the executrix and was treated similarly to the apartment complex. On February 4, 1971, the executrix conveyed out of the estate a third property to defendants Wuensche in exchange for property conveyed to her individually by the Wuensches. The final accounting filed by the executrix on December 17, 1971, showed that the estate received $10,225.76 for the sale of this property, but did not show receipt of any property in exchange as defendants Wuensche allege. The sale contracts on the exchange of properties between the Wuensches and executrix were executed on February 5, 1971, but closing on each occurred on different days and at different title companies. Plaintiffs alleged that these facts constituted a conspiracy to defraud them and that they did not discover the fraud until 1977.

In support of the judgment, defendants argue that since the plaintiff's petition shows on its face: (1) the alleged fraudulent acts took place in 1971; (2) a final accounting was filed on December 17, 1971; and (3) suit was filed in 1977, the suit is barred by the four year statute of limitations. Tex.Rev.Civ.Stat.Ann. art. 5529 (Vernon 1958). They reason that since plaintiffs had employed an attorney to check the final accounting, they knew or reasonably should have known of the alleged fraud at the time of the filing of the final accounting on December 17, 1971. We cannot agree. Although the plaintiffs' petition alleged that the fraud occurred in 1971, it also alleged that plaintiffs did not discover the fraud until July of 1977 and that plaintiffs could not have learned of the fraud by the exercise of due diligence since there was nothing in the final accounting to incite their curiosity.

The statute of limitations for causes of action based on fraud does not commence running until the fraud is discovered or until plaintiff acquires such knowledge as would lead to the discovery of the fraud if reasonable diligence was exercised. *Kelley v. Rinkle,* 532 S.W.2d 947, 948 (Tex. 1976); *Ruebeck v. Hunt,* 142 Tex. 167, 176 S.W.2d 738, 739 (1943); *Whatley v. National Bank of Commerce,* 555 S.W.2d 500, 505

(Tex.Civ.App.—Dallas 1977, no writ). The question, of course, as to whether reasonable diligence would have led to the discovery of the fraud is usually a question of fact. *Hays v. Hall,* 488 S.W.2d 412 (Tex. 1972); *Gaddis v. Smith,* 417 S.W.2d 577, 579–81 (Tex.1967). Since the petition here affirmatively pleads facts which makes the discovery rule applicable, the applicability of the statute of limitations is challenged as a defense. Thus, the defendants had the burden of establishing, as a matter of law, that the plaintiffs' cause of action had been barred by the statute of limitations. *Weaver v. Witt,* 561 S.W.2d 792, 793–94 (Tex. 1977); *Whatley,* 555 S.W.2d at 505. This defendants failed to do.

■ Defendants cite *Dodson v. Alamo Funeral Home,* 577 S.W.2d 308 (Tex.Civ. App.—San Antonio 1979, no writ) for the proposition that in order to avoid the bar of limitations, the non-movant plaintiffs had the burden of proof on fraudulent concealment to avoid the plea of limitations. *Dodson* is not in point since no question was presented in that case with respect to the discovery rule; instead, *Dodson* rested upon fraudulent concealment which has been held to be a plea in confession and avoidance to a limitation plea, thus placing the summary judgment burden on the non-movant. *Nichols v. Smith,* 507 S.W.2d 518 (Tex. 1974). As we pointed out in *Whatley v. National Bank of Commerce,* 555 S.W.2d at 503–504, the supreme court in *Nichols* was careful to limit its holding there to cases of fraudulent concealment and specifically reserved the question concerning the result under the discovery rule. The distinction between burden of proof on summary judgment in the case of fraudulent concealment on the one hand and the discovery rule on the other was sharply made by the supreme court in *Weaver v. Witt,* where the court stated that "the [discovery] rule is not a plea in confession and avoidance of the statute of limitations, but is the test to be applied in determining when a plaintiff's cause of action accrued." 561 S.W.2d at 794. Since plaintiffs pleaded facts sufficient to raise the discovery rule, this case must be reversed and remanded.