Abraham CHERRY and Albert Allison, Petitioners,

v.

VICTORIA EQUIPMENT AND SUPPLY, INC. et al., Respondents.

No. C–1573.

Supreme Court of Texas.

Feb. 2, 1983.

Rehearing Denied March 9, 1983.

Doherty & Williamson, Jimmy Williamson and Larry J. Doherty, Hughes, Watters,

Askanase & Redford, David C. Redford, Houston, for petitioners.

Funderburk & Funderburk, Larry Funderburk, Houston, for respondents.

ROBERTSON, Justice.

Petitioners, Abraham Cherry and Albert Allison, were injured when a gas holding tank on a well they were cleaning ignited. Their injuries occurred in October 1976 and suits were filed by each in July, 1977 and August, 1978, respectively. Neither Cherry nor Allison named Respondents, Victoria Equipment and Supply, Inc., et al., as defendants until March 1980. Cherry and Allison were unaware of Victoria Equipment's involvement with the well in question because a co-owner of Victoria Equipment testified by deposition that his company "had nothing to do with the well." The trial court granted summary judgment for Victoria Equipment based upon the two year statute of limitations. Tex.Rev.Civ. Stat.Ann. art. 5526 (Vernon Supp.1983). Cherry and Allison argued that the doctrine of fraudulent concealment of a cause of action suspended the running of limitations. The court of appeals affirmed the judgment of the trial court. 640 S.W.2d 685. We reverse the judgments of the courts below and remand to the trial court.

Melvin Klotzman is a 50 per cent owner of Victoria Equipment. After the fire occurred, and before the statute of limitations expired, Klotzman's deposition was taken by Cherry's attorney concerning the circumstances of the explosion at the well. Klotzman testified repeatedly that Victoria Equipment had not been hired to do any work on the well, and the company was not working on the well. It was not until the deposition of an employee of Victoria Equipment was taken in March 1980 that Cherry and Allison discovered that Victoria Equipment did in fact do work on the well in question. Victoria Equipment was joined as a defendant at that time.

We hold that the deposition testimony of Klotzman raised an issue of fact as to fraudulent concealment which defeats Victoria Equipment's summary judgment based upon the statute of limitations. *Nichols v. Smith,* 507 S.W.2d 518 (Tex.1974). The court of appeals erred in holding as a matter of law that Cherry and Allison did not exercise reasonable diligence in discovering the true involvement of Victoria Equipment. In this instance, Cherry and Allison could have reasonably relied on the repeated assertions of a 50 per cent owner of Victoria Equipment that his company was not involved with the well. The ultimate duty to weigh the evidence, determine credibility and decide if fraudulent concealment actually existed rests upon the trier of fact. Therefore, summary judgment for Victoria Equipment was improper since a fact question has been presented as to fraudulent concealment. We reverse the judgments of the courts below and remand the cause to the trial court.