Cynthia Quigley SONENTHAL, Victoria Quigley Nichols & Patrice M. Eversole, Appellants,

v.

Thomas WHEATLEY, Jr., Thomas E. Wheatley & J. Russell McInnis, Independent Executor of the Estate of Norman Wheatley, Deceased, Appellees.

No. 01–82–0715–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 1, 1983.

Rehearing Denied Dec. 8, 1983.

Jerry Atkins, Houston, for appellants.

Lionel Schooler and Martin Nathan, Houston, for appellees.

Before EVANS, C.J., and DOYLE and COHEN, JJ.

## OPINION

COHEN, Justice.

This suit concerns a dispute over ownership of the Tom Wheatley Company, a Texas corporation. Thomas Wheatley, Sr. ("decedent") died intestate in 1970. The appellants are his granddaughters and the appellees are his sons. The appellants claim an undivided interest in one-fourth of the decedent's estate, including an ownership interest in the Tom Wheatley Company.

No administration was ever taken on the decedent's estate. A suit was filed in 1974 by the appellants to compel production of decedent's will. The pleadings in that suit asserted that the appellants believed themselves designated as legatees in the will because of statements made to them by the decedent and other relatives that they would share in his estate directly as grandchildren or as the children of. his daughter, Hazel, who herself died intestate in 1974. An affidavit was filed in the 1974 suit by Cynthia Quigley, an appellant in this suit, asserting that the appellees Thomas E. Wheatley and Norman Wheatley admitted to her in the presence of her co-appellants, Victoria Quigley Nichols and Patrice Melanie Eversole, that decedent had left a will. A hearing was conducted in the probate court on the motion to compel production of the will and resulted in a ruling that no will existed. The statement of facts of that hearing is not a part of this record.

No appeal was taken from the probate court's 1974 ruling, and no further legal action between the parties concerning this matter occurred until December of 1981.

The appellees controlled and managed the Tom Wheatley Company at all relevant times. In 1981 an agreement was made with Summit Oilfield Corporation to purchase the shares of stock owned by the appellees for several million dollars. The appellants heard that a sale was imminent and brought this suit asserting fraud and also ownership by intestate succession.

The appellants assert that the appellees lied to them in the 1974 hearing by stating that the decedent owned no assets, that he died penniless, and that they were entitled to nothing, when, in fact, the appellees knew that the decedent died owning shares of stock in the Tom Wheatley Company in which they had an undivided interest through intestate succession. They assert that the appellees owed them a fiduciary duty as co-tenants in possession of jointly owned property in that the appellees possessed and managed the company, had physical possession of all of its property, including the stock certificates, and owned the remaining seventy-five percent interest.

The appellees moved for summary judgment asserting that the action was barred by limitations and relying upon the deposition testimony of Cynthia Quigley. The appellees alleged that Cynthia Quigley was aware of the existence of the company prior to the decedent's death; that her mother, Hazel Quigley, the daughter of the decedent, frequently told the appellants that she expected to inherit shares of company stock owned by the decedent, such conversations taking place as far back as 1966; that appellants were aware that their mother, Hazel, had not received any shares of company stock; and that this lawsuit was inspired solely by the discovery that the company stock did have value, contrary to the appellants' earlier belief that it had no value.

The appellees assert that the appellants cannot recover because they knew they were heirs of the decedent, that he had no will, that he owned stock at his death, and that they did nothing about it from about at least 1974 to 1981, a period in excess of any applicable statute of limitations.

■ The usual rules for the review of a summary judgment apply to this case: 1. The appellees must show there is no genuine issue of material fact and that they are entitled to judgment as matter of law. 2. In deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the appellants will be taken as true. 3. Every reasonable inference must be indulged in favor of the appellants and any doubts resolved in their favor. *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589, 592–3 (Tex.1975).

■ Each of the appellants stated the following in summary judgment affidavits: In the calendar year 1974 my natural mother died and my sisters and I brought an action to have the named defendants in this instant matter to produce a last will and testament of my grandfather, Thomas Wheatley, Sr. At that time, Thomas E. Wheatley and Norman W. Wheatley stated to myself and my sisters that my grandfather did not have a will and that he owned no assets at the time of his death. That our grandfather had died penniless and that we were entitled to nothing. My sisters and I within ninety days prior to instituting this action, learned that our grandfather did in fact own assets at the time of his death and the exact nature and extent of which we have been prevented from discovering. We further state that we did not know of the shares of stock owned by our grandfather until within ninety days prior to the filing of the present suit.

We hold that this created a fact question as to fraudulent concealment.

At least two other Texas decisions have reversed summary judgments despite facts as strong or stronger than those relied on by the appellees in this case. In *Kelly v. Dorsett*, 581 S.W.2d 512, 513 (Tex.Civ.App. —Dallas 1979, no writ) a will was probated and an inventory filed in 1971, but the suit for fraud was not filed until 1977. The court stated:

... In support of the judgment, defendants argue that since the plaintiffs' petition shows on its face: 1) the alleged fraudulent acts took place in 1971; 2) a final accounting was filed on December 17, 1971; and 3) suit was filed in 1977, the suit is barred by the four-year statute of limitations. Tex.Rev.Stat.Ann. art. 5529 (Vernon 1958). They reason that since plaintiffs had employed an attorney to check the final accounting, they knew or reasonably should have known of the alleged fraud at the time of the filing of the final accounting on December 17, 1971. We cannot agree. Although the plaintiffs' petition alleged that the fraud occurred in 1971, it is also alleged that plaintiffs did not discover the fraud until July 1977 and that plaintiffs could not have learned of the fraud by the exercise of due diligence since there was nothing in the final accounting to incite their curiosity.

The statute of limitations for causes of action based on fraud does not commence running until the fraud is discovered or until plaintiff acquires such knowledge as would lead to discovery of the fraud if reasonable diligence was exercised. (citation omitted) The question, of course, as to whether reasonable diligence would have led to the discovery of the fraud is usually a question of fact. (citation omitted) Since the petition here affirmatively pleads facts which makes the discovery rule applicable, the applicability of the statute of limitations is challenged as a defense. Thus, the defendants have the burden of establishing, as a matter of law, that the plaintiffs' cause of action had been barred by the statute of limitations. (citation omitted) This the defendants failed to do. 581 S.W.2d at 513–14.

We hold ... that under the discovery rule the time when the plaintiffs knew or

should have known of the fraud was a question of fact and could not be determined on summary judgment. Accordingly we reverse and remand. 581 S.W.2d at 513.

Similarly, in *Brownson v. New*, 259 S.W.2d 277 (Tex.Civ.App.—San Antonio 1953, writ dism'd), the former wife's post-divorce bill of review was held not subject to summary judgment where she claimed that her husband had fraudulently misrepresented the value of certain property in order to obtain her agreement to a community property settlement. Despite the passage of eleven years and the wife's familiarity with the husband's business and her presence in the community at all times, it was held that her suit was not barred by limitations. Thus, *Brownson v. New* and *Kelly v. Dorsett* both allowed a trial to parties claiming that the value of property was fraudulently concealed from them, the same claim made by the appellants in this suit. See also *Estate of Stonecipher v. Estate of Butts*, 591 S.W.2d 806 (Tex.1979) (fraudulent concealment of assets from creditor seeking collection of judgment lien); *Borderlon v. Peck*, 661 S.W.2d 907, 26 Tex.Sup.Ct.J. 494, (1983) (fraudulent concealment of medical malpractice); *Cherry v. Victoria Equipment and Supply Inc.*, 645 S.W.2d 781 (Tex.1983) (fraudulent concealment of identity of potential defendant). *Harrison v. United States*, 708 F.2d 1023, 1028 (5th Cir.1983) ("Silence may constitute fraudulent concealment in ... a fiduciary [medical] relationship..."). All these decisions reversed summary judgments in situations analogous to this case.

The appellees argue that the disposition of this case is controlled by the recent Supreme Court decisions in *Mooney v. Harlin*, 622 S.W.2d 83, 85 (Tex.1981) and *Escontrias v. Apodaca*, 629 S.W.2d 697 (Tex.1982).

*Mooney* is distinguishable from the instant case because in *Mooney* actual notice of the facts giving rise to the cause of action, i.e., that the plaintiff was excluded from the will, appeared in official public court records admitting the decedent's will to probate.

The Court held:

Persons interested in an estate admitted to probate are charged with notice of the contents of probate records. (citation omitted) Examination of the probate records in this case would have disclosed that the will of Henry English made no bequest to Dulan Harlin. Thus, the statute of limitations began to run when the will was admitted to probate.

█ In the instant case, no will was admitted to probate and no administration was taken out; therefore, unlike the situation in *Mooney*, evidence giving rise to the appellants' cause of action was not disclosed by official records open to public review. See *Mooney v. Harlin*, 622 S.W.2d at 85.

The holding in *Escontrias* is similar. A will was admitted to probate which left nothing to disappointed plaintiffs who had expected an inheritance. The Court held:

"... The plaintiff heirs had knowledge of the facts upon which they relied for their claim of fraud and lack of testamentary capacity at the time the will was admitted to probate. More than two years have elapsed since the will was admitted to probate, which fact they actually knew early in 1975. Their action was barred by the statute of limitations. *Mooney v. Harlin*, 622 S.W.2d 83 (Tex.1981)."

As in *Mooney*, the plaintiffs in *Escontrias* could have discovered the basis for their cause of action from examination of public records which constituted constructive notice. Both holdings apply the rule that "a person is charged with constructive notice of the actual knowledge that could have been acquired by examining public records." *Mooney*, *supra*, at 85. That principle is inapplicable to this case. The first point of error is sustained.

In the second point of error, the appellants claim that it was error to grant the summary judgment because they alleged an interest in the decedent's property in the nature of a cotenancy with the appellees, and the trial court erred in holding that events had occurred which started the running of the limitations period. The appel-

lants rely on the principle stated in *Horlock v. Horlock,* 614 S.W.2d 478, 481 (Tex.Civ. App.—Houston [14th Dist.] 1981, no writ) in which the court held:

> In a cotenancy situation each cotenant is entitled to possession, and possession by one cotenant is generally not adverse to the other in the absence of some repudiation, notice or ouster. *Southern Pine Lumber Company v. Hart,* 161 Tex. 357, 340 S.W.2d 775, 782 (1960). To claim adversely the cotenant in possession must repudiate the other's ownership and notice of the repudiation must be brought home to the other cotenant.

The appellants argue that since they were cotenants with the appellees in the decedent's estate, the statute of limitations would not begin to run against them until the appellees committed some act undeniably adverse to their interests to repudiate that interest and "brought it home" to the appellants.

█ The appellees respond that the cotenancy argument has been waived because it was not expressly presented to the trial court by written response to the summary judgment motion, as required by the Supreme Court in *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). It is true that different arguments and authorities are found in the appellants' point of error two than are found in their response to the summary judgment motion. However, we believe that any fair reading of the entire argument before the district court discloses that the appellants were, along with the appellees, the heirs of the decedent, and therefore owned an undivided interest in the assets of his estate, including the Tom Wheatley Company. This is the very posture which the appellants have taken throughout and we do not view it as a new position asserted for the first time on appeal.

█ The appellees further respond that the appellants presented no evidence of "cotenancy" in that they never presented any evidence of heirship to the district court to demonstrate even an entitlement to intestate succession. However, the appellees'

motion for summary judgment states that the appellants are the granddaughters of the decedent, that the decedent died intestate in 1970, and that the decedent's daughter, Hazel, the mother of the appellants, died intestate in 1974. These facts were represented as being undisputed in the district court.

Finally, the appellees argue that the appellants cannot recover as cotenants because the decedent did not own stock at the time of his death. The appellees refer to a portion of the deposition of Thomas Wheatley, Jr. to support this proposition; however, those pages were not attached to the motion for summary judgment and this argument was not made in the court below. The second point of error is sustained.

The judgment is reversed and the cause is remanded for trial.