Bryan BARNHILL, Appellant,

v.

INTEGRATED HEALTH SERVICES, INC., Appellee.

No. 04–98–00477–CV.

Court of Appeals of Texas, San Antonio.

Sept. 1, 1999.

Rehearing Overruled Oct. 6, 1999.

Rehearing En banc Overruled May 11, 2000.

Karl B. Brock, Brock & Brock, P.C., San Antonio, for appellant.

Chris M. Antolik, Lane, Gannon & Taliaferro, L.L.P., San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice.

## OPINION

Opinion by: ALMA L. LÓPEZ, Justice.

Bryan Barnhill ("Barnhill") appeals a summary judgment granted in favor of Integrated Health Services, Inc. ("Integrated"). In three points of error, Barnhill asserts that the trial court: (1) erred in granting summary judgment because genuine issues of material fact were presented; (2) abused its discretion in denying his motion for continuance of the summary judgment hearing; and (3) erred in failing to take judicial notice of its own file in a separate cause. We reverse the trial court's judgment and remand the cause for further proceedings consistent with this opinion.

### FACTUAL AND PROCEDURAL HISTORY

Barnhill injured his back at work on October 13, 1995. Barnhill was terminated a few days later. In January of 1996, Barnhill brought suit against Normandy Terrace, Inc. d/b/a Normandy Terrace Southeast. It is undisputed that the name of the facility at which Barnhill worked was Normandy Terrace. Barnhill's petition alleges a negligence claim, asserting "In this regard, Defendant as an employer, had certain non-delegable and continuous duties to Plaintiff, Bryan Barnhill, their employee." Barnhill then lists several acts of negligence that the defendant allegedly

committed as Barnhill's employer, including failing to provide adequate and competent co-employees, failing to supply suitable equipment, failing to properly instruct on safety measures, and failing to enforce safety rules and regulations. Barnhill's petition also contains a claim for discrimination, asserting; "[T]he Defendant failed to take the Plaintiff back to work and/or failed to make reasonable accommodations for him as a result of the previous on the job back injury."

In April of 1996, Barnhill served his first set of interrogatories. Interrogatory No. 14 asked whether the defendant had been "correctly designated as a party Defendant in the above styled cause insofar as the legal description and correct spelling is concerned." Chris M. Antolik ("Antolik") filed answers and objections to the interrogatories on behalf of Riverside Healthcare, Inc. d/b/a Normandy Terrace. In response to Interrogatory No. 14, the defendant stated that it was properly named Riverside Healthcare, Inc. d/b/a Normandy Terrace ("Riverside"). In response to other discovery, Barnhill was given a copy of his personnel file. The file contained a notice in accordance with the Texas Workers' Compensation Act that identified his employer as Preferred Care, Inc. ("Preferred Care"), with Normandy Terrace, S.E. being identified as the name of the facility. Barnhill subsequently amended his petition and added both Riverside and Preferred Care as defendants.

In November of 1997, Barnhill filed a motion to compel production of discovery. The motion was set on November 19, 1997. On November 19, 1997, Antolik filed an answer on behalf of Preferred Care in which Preferred Care specifically denied that it was Barnhill's employer at the time of the incident made the basis of the lawsuit. In addition, Antolik filed a stipulation and affidavit in which she stated that she had been retained by Integrated to represent Riverside. Barnhill's attorney stated that based on conversations he had with Antolik on or about November 19, 1997, it was his understanding and belief that Integrated may be Barnhill's true employer. On December 2, 1997, Barnhill amended his petition to name Integrated as a defendant.

Integrated filed a motion for summary judgment based on limitations. Barnhill filed a response, asserting fraudulent concealment as an affirmative defense. Barnhill also filed a motion for continuance, asserting that additional time was needed for discovery in order to properly respond to Integrated's summary judgment motion and to obtain additional evidence to support the fraudulent concealment defense. The trial court denied the motion for continuance and granted the motion for summary judgment. During the course of the hearing on the motion for summary judgment, the trial court refused to take judicial notice of its file in another cause.

### FRAUDULENT CONCEALMENT

■ In his first point of error, Barnhill asserts that the trial court erred in granting the summary judgment because genuine issues of material fact were raised with regard to his fraudulent concealment defense. Integrated responds that Barnhill failed to meet his burden with regard to the fraudulent concealment defense.

The standard for reviewing a summary judgment is whether the successful movant at the trial level carried its burden of showing that there is no genuine issue of material fact and that judgment should be granted as a matter of law. *KPMG Peat Marwick v. Harrison County Housing Finance Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). In conducting our review, we take as true all evidence favorable to the nonmovant, and we make all reasonable inferences in the nonmovant's favor. *Id.* Furthermore, any doubt is resolved in the nonmovant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

■ A defendant moving for summary judgment on the affirmative defense

of limitations has the burden to conclusively establish that defense. *KPMG Peat Marwick v. Harrison County Housing Finance Corp.*, 988 S.W.2d at 748. If the movant establishes that the statute of limitations bars the action, the nonmovant must adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *Id.* A party asserting fraudulent concealment as an affirmative defense to the statute of limitations has the burden to raise it in response to the summary judgment motion and to come forward with evidence raising a fact issue on each element of the fraudulent concealment defense. *Id.* at 749.

■ Fraudulent concealment is based on the concept of equitable estoppel and prevents the wrongdoer from perpetuating fraud further by using a limitations defense as a shield. *Borderlon v. Peck*, 661 S.W.2d 907, 908 (Tex.1983). Fraudulent concealment may be shown where a party affirmatively conceals the responsible party's identity if there is a duty to disclose one's identity. *Cherry v. Victoria Equipment & Supply, Inc.*, 645 S.W.2d 781, 782 (Tex.1983); *Dougherty v. Gifford*, 826 S.W.2d 668, 674 (Tex.App.—Texarkana 1992, no writ).

Section 406.005 of the Texas Workers' Compensation Act requires an employer to provide notice to its employees regarding the availability of workers' compensation coverage. TEX. LABOR CODE ANN. § 406.005 (Vernon 1996). It also requires employers to post notices in their workplace with regard to the existence of coverage. *Id.* Section 110.101(e) of title 28 of the Texas Administrative Code specifies the content of that notice. 28 TEX. ADMIN. CODE. § 110.101(e) (West 1998). The name of the employer is required to be included in the notice. *Id.*

Resolving all doubt in Barnhill's favor, we must assume that Integrated is Barnhill's employer. By the nature of Barnhill's pleadings, it was evident that he was seeking to sue his employer. His petition made specific reference to the defendants as his employers and as non-subscribers under the workers compensation act.

■ The workers' compensation notice misidentified Preferred Care as Barnhill's employer. Preferred Care filed its answer specifically denying that it was Barnhill's employer on the same day that Antolik filed the stipulation and affidavit identifying Integrated as the entity that retained her to represent Riverside. No specific denial was contained in Riverside's answer, and Riverside responded to Barnhill's interrogatory that the properly named defendant was Riverside. Antolik represented all three entities. Given this evidence and sequence of events, we hold that Barnhill met his burden in raising genuine issues of material fact with regard to whether Integrated fraudulently concealed its identity from Barnhill. We further note that Integrated (1) was aware of the lawsuit; (2) was not misled regarding the lawsuit; (3) was not disadvantaged in obtaining evidence to defend itself; and (4) had business connections with at least one of the named defendants; therefore, Integrated was not prejudiced by the pleading defect. *See Bailey v. Vanscot Concrete Co.*, 894 S.W.2d 757, 760–61 (Tex.1995); *Walls v. Travis County*, 958 S.W.2d 944, 946–47 (Tex.App.—Austin 1998, writ denied); *Hernandez v. Furr's Supermarkets, Inc.*, 924 S.W.2d 193, 196 (Tex.App.—El Paso 1996, writ denied). We sustain Barnhill's first point of error.

### CONCLUSION

The trial court erred in granting summary judgment in favor of Integrated because Barnhill raised genuine issues of material fact with regard to his affirmative defense of fraudulent concealment. Because we sustain Barnhill's first point of error, we do not address his other issues. The judgment of the trial court is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

Dissenting opinion by: PAUL W. GREEN, Justice.

PAUL W. GREEN, Justice, dissenting.

In this summary judgment appeal, the question is whether a fact issue has been raised that Bryan Barnhill's claim against Integrated Health Services, Inc. ('IHS') is not time barred. The majority holds that a fact issue exists on Barnhill's claim that IHS fraudulently concealed its identity. However, none of the facts cited by the majority support the contention that IHS had a duty to disclose its identity, or that it purposefully concealed its identity from Barnhill after suit was filed. Consequently, the summary judgment granted in favor of IHS should be affirmed. Because the majority reverses, I dissent.

\* \* \*

As noted by the majority, the fraudulent concealment defense to the running of limitations is based on the doctrine of equitable estoppel. *See Borderlon v. Peck,* 661 S.W.2d 907, 908 (Tex.1983). Its purpose is to avoid a limitations defense by asserting the fraudulent conduct of a party who affirmatively conceals the existence of a cause of action. A party who acts fraudulently by failing to disclose a cause of action when under a duty to do so will be estopped from asserting a limitations defense. *See id.* The essence of fraudulent concealment is to prevent a wrongdoer from reaping the benefits of his wrongful conduct.

IHS moved for summary judgment based on its limitations affirmative defense and, in support of its motion, offered Barnhill's petition and deposition as proof that it was sued outside the two-year statute of limitations. Barnhill's deposition establishes that his cause of action arose on October 13, 1995, and his Sixth Amended Petition shows he filed suit against IHS outside the limitations period on December 2, 1997. *See* TEX. CIV. PRAC. & REM.CODE § 16.003(a) (Vernon Supp.1998) (mandating a two-year limitations period for per-

sonal injury cases); *see Matlock v. McCormick,* 948 S.W.2d 308, 311 (Tex.App.—San Antonio 1997, no writ) (permitting reliance on pleadings for summary judgments based on limitations). Accordingly, IHS met its burden of establishing its affirmative defense.

The burden then shifted to Barnhill to raise a fact issue to prevent summary judgment. *See American Petrofina, Inc. v. Allen,* 887 S.W.2d 829, 830 (Tex.1994). In particular, he assumed the burden of presenting *prima facie* evidence that IHS had fraudulently concealed its identity. Barnhill was thus required to show IHS knew it was the intended defendant, that it had a duty to make its existence known to Barnhill, and that it instead purposefully concealed its identity. *See Casey v. Methodist Hosp.,* 907 S.W.2d 898, 903 (Tex. App.—Houston [1st Dist.] 1995, no writ). *See also Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483, 489 (Tex.1991).

Although Barnhill produced circumstantial evidence of IHS's knowledge that it might be a target,[1] he failed to produce evidence showing IHS had a duty to disclose its identity, or that IHS had a fixed purpose to conceal its identity. *See Dougherty v. Gifford,* 826 S.W.2d 668, 673 (Tex.App.-Texarkana 1992, no writ). Instead, Barnhill points to the conduct of Riverside Healthcare, Inc. ("Riverside") in failing to identify IHS in its answers to interrogatories. Aside from the fact that the interrogatories propounded to Riverside never requested the names of potential parties, Riverside's conduct is irrelevant. IHS cannot be estopped on the basis of Riverside's conduct; it can only be estopped from asserting limitations if *it* acted fraudulently to conceal its existence.

Barnhill produced no evidence tending to show that IHS acted wrongfully. He points only to the conduct of Chris Antolik, the attorney representing Riverside, as-

---

**1.** As proof of IHS's knowledge, Barnhill directs us to the affidavit of Chris Antolik, the attorney representing Riverside and IHS, in which she states she was retained by IHS on February 19, 1996 to represent Riverside.

serting she knew all along that IHS was Barnhill's employer and that she made misleading statements to hide IHS's involvement. Antolik was hired by IHS to represent Riverside when the case was first filed. However, nothing about being hired by IHS to represent Riverside suggests either that Antolik was IHS's authorized agent or that IHS had a duty to disclose its existence. It is thus irrelevant what Antolik knew or may have said concerning IHS's involvement in the case.

However, the majority finds a duty to disclose based on IHS's statutory duty to identify itself on a workers' compensation notice, and because Antolik knew about IHS. This is an extraordinary holding, first, because it requires a non-party to tell a plaintiff that it is a potential defendant-sort of like volunteering to be sued. I know of no precedent for such a holding and the majority cites none. Second, the statutory requirement that an employer put its name on a workers' compensation notice posted at its place of business clearly has not the slightest relationship to the duty not to fraudulently conceal names or claims in a lawsuit. The majority's resort to a workers' compensation notice in its quest to unearth a duty amply demonstrates the failure of its analysis. Even Barnhill did not make the duty argument advanced by the majority.

Finally, neither Barnhill nor the majority made any attempt to show that IHS purposefully concealed its identity. This is an essential element of fraudulent concealment but there is no evidence to suggest that IHS did anything to hide its identity or existence from Barnhill. For example, there is no evidence that upon being questioned, anyone on behalf of IHS gave false, misleading or deceptive statements regarding Barnhill's employer in an attempt to prevent IHS from being sued. *See Cherry v. Victoria Equipment & Supply, Inc.,* 645 S.W.2d 781, 782 (Tex.1983) (potential defendant repeatedly disavowed his company's involvement in the occurrence in question when in fact the company had worked on the well). The statements made by Chris Antolik do not evidence an intent to conceal the identity of IHS. The fact is that Barnhill simply never asked. IHS cannot be held accountable for its failure to volunteer information when it was under no duty to disclose.

With regard to discovery, Barnhill further produced no evidence that he lacked the means to learn about IHS's involvement. Nor did he show he attempted to acquire information about the facility from any source other than the answers to his interrogatories. *See Vaughn v. Sturm–Hughes,* 937 S.W.2d 106, 109 (Tex.App.—Fort Worth 1996, writ denied) (observing "failure to file suit must be 'unmixed' with any want of diligence on the plaintiff's part"). But we know that limitations is not tolled while the plaintiff searches for the "true" defendant. *See Matlock,* 948 S.W.2d at 311 (holding doctrine does not extend time to search for alter ego corporate defendants).

\* \* \*

In sum, the record is devoid of evidence that IHS owed a duty to disclose its identity or that it purposefully concealed its identity from Barnhill. Because Barnhill failed to meet his burden of raising a fact issue on his claim of fraudulent concealment, the burden never shifted back to IHS to negate Barnhill's affirmative defense. The summary judgment should be affirmed and, accordingly, I dissent.