IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 29, 2008

Charles R. Fulbruge III
Clerk

No. 07-20351

THOMAS A DeSHAZO

Plaintiff-Appellant

v.

NATIONS ENERGY COMPANY LTD; HASHIM DJOJOHADIKUSUMO;
PHILIP HIRSHLER; PATRICK O'MARA; ECOLO INVESTMENTS LTD;
AEQUITAS ENERGY LTD; NOVOMUNDO TRADING LTD

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC Civil Action No. H-05-3277

Before KING, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Thomas A. DeShazo ("DeShazo")[1] appeals from the
district court's dismissal of his suit on the basis of collateral estoppel. The
district court held that a Canadian court's previous determination of the accrual
date of DeShazo's claims had preclusive effect on the district court. Using that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[1] Plaintiff-Appellant's surname is variously spelled "DeShazo" or "De Shazo." We adopt
the version that appears in DeShazo's briefs.

accrual date, DeShazo's federal and state-law claims were time-barred. Because the applicable legal standard and facts to which it was applied are identical in the Canadian and federal courts, we affirm the district court's dismissal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This appeal involves DeShazo's claim that Defendants-Appellees Patrick O'Mara ("O'Mara"), Philip Hirschler ("Hirschler"), and Hashim Djojohadikusomo ("Hashim") conspired with one another and with Nations Energy Co., Ltd. ("Nations Energy"), to misrepresent facts about Nations Energy's finances and its transactions with Defendants-Appellees Aequitas Energy, S.A. ("Aequitas") and NovoMundo Trading Limited ("NovoMundo"). At the time of the events at issue, DeShazo was a minority shareholder in Ecolo Investments, Ltd. ("Ecolo"), a Cyprus-based corporation that was the majority shareholder of Nations Energy. The basic factual claim in this suit—as in DeShazo's prior suits—is that Defendants[2] misled DeShazo about the financial health of Nations Energy, making DeShazo's interest in the company seem less valuable and inducing DeShazo to sell his shares to Hashim and O'Mara at an unfairly low price.

Under the alleged scheme, O'Mara, vice president of marketing for Nations Energy, secretly owned and controlled two other entities, Aequitas and NovoMundo. DeShazo alleged that O'Mara used Aequitas and NovoMundo to buy oil from Nations Energy's subsidiary, KBM, at discounted rates. Those entities then resold the oil to third parties at higher prices while O'Mara pocketed the difference. This scheme, according to DeShazo, gave him the erroneous perception that Nations Energy was in financial difficulty and therefore caused the undervaluation of his shares in Ecolo. DeShazo alleges that the other defendants knew of this scheme and permitted it to continue.

---

[2] This opinion refers to Nations Energy, Hashim, Hirschler, O'Mara, Ecolo, Aequitas, and NovoMundo, collectively, as "Defendants."

As early as August 1999, William R. Thomas ("Thomas"), then president of Nations Energy, alerted DeShazo and Nations Energy's Board of Directors to his concerns about O'Mara's relationship with NovoMundo. Thomas prepared a memo detailing these concerns; DeShazo received that memo in February 2000.

Despite these suspicions of misconduct, DeShazo sold his shares of Ecolo to Hashim and O'Mara in two sales. DeShazo claims that he made these sales in reliance on misrepresentations made by O'Mara and Hashim as to the financial condition of Nations Energy. Particularly relevant to this case are the two dates on which DeShazo sold his Ecolo shares: October 9, 1999, when he sold 6% of his shares to Hashim, and September, 19, 2001, when he sold the remainder of his Ecolo shares to O'Mara.

DeShazo first filed suit on these claims on June 13, 2003, in state court in Harris County, Texas. The suit named Nations Energy, Ecolo, Aequitas, O'Mara, Hirschler, David O. Wilson ("Wilson"),[3] Hashim, KBM, and John Does I through XX.[4] The suit alleged fraud, negligent misrepresentation, intentional interference with prospective advantage, intentional interference with contract, racketeering, conspiracy, and breach of fiduciary duty. On January 15, 2004, DeShazo non-suited those claims.

On July 8, 2004, DeShazo brought similar claims against most of the same defendants[5] in the Court of Queen's Bench of Alberta ("Alberta Trial Court"), alleging,

---

[3] Wilson sat on the board of directors of Nations Energy.

[4] John Does I through XX were the "agents, employees, independent contractors, subdivisions, franchisees, subsidiaries, or divisions of the defendants and the individuals or entities that allegedly conspired with defendant O'Mara." DeShazo v. Nations Energy Co., No. H-05-3277, slip op. at 3 n.2 (S.D. Tex. Mar. 27, 2007).

[5] Defendants in the Alberta suit were Nations Energy, Hashim, Al Njoo ("Njoo") (a Nations Energy director), Wilson, O'Mara, Ecolo, KBM, Aequitas, and NovoMundo.

(1) an unlawful and fraudulent scheme; (2) improper conduct . . . that is oppressive, unfairly prejudicial and that unfairly disregards the interests of the shareholders; (3) unlawful conspiracy; (4) misrepresentations made to and relied upon by [DeShazo] concerning the financial affairs of Nations Energy, which resulted in [DeShazo] agreeing to convey shares held by him in Ecolo to Hashim and O'Mara at a price substantially below fair market value; (5) the failure of Nations Energy, Njoo, and Wilson to prevent the fraudulent activity of Hashim and O'Mara and for violating various duties of care; and, finally, for (6) breach . . . of [defendants'] fiduciary and good faith duties.

DeShazo v. Nations Energy Co., No. H-05-3277, slip op. at 3-4 (S.D. Tex. Mar. 27, 2007) (internal quotation marks and citations omitted). The Alberta Trial Court denied Defendants' motion for summary judgment, but on July 13, 2005, the Alberta Court of Appeal ("the Alberta court") reversed, determining the accrual date for DeShazo's claims to be February 2000 and dismissing the case as time-barred.

On September 19, 2005, DeShazo filed this suit, asserting claims of (1) fraud and fraudulent inducement; (2) RICO violations;[6] (3) intentional interference with contract and/or prospective business arrangements; (4) conspiracy; and (5) breach of fiduciary duty. Nations Energy filed a motion to dismiss on the basis of international comity and res judicata or, in the alternative, on the basis of forum non conveniens. The district court denied that motion in a September 25, 2006 memorandum and order, reasoning that the Alberta court's dismissal was not "on the merits" for the purposes of res judicata. Regarding Nations Energy's forum non conveniens claim, the district court ruled that Nations Energy had failed to show that another forum was available, because the statute of limitations barred the suit in Canadian courts.

---

[6] The Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. Specifically, DeShazo alleged violations of 18 U.S.C. § 1962(c) & (d).

On October 25, 2006, Nations Energy filed a 12(b)(6) motion to dismiss on the grounds of collateral estoppel. Reasoning that the Canadian court's disposition of the accrual date of DeShazo's claims had preclusive effect and therefore that all causes of action in the current suit were time-barred, the district court granted the motion to dismiss. DeShazo filed this timely appeal.

## II. JURISDICTION AND STANDARD OF REVIEW

This court has jurisdiction to review the final judgment of a district court under 28 U.S.C. § 1291. We review a 12(b)(6) dismissal de novo. Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 246 (5th Cir. 1997). A district court's application of collateral estoppel is a question of law that this court reviews de novo.[7] United States v. Brackett, 113 F.3d 1396, 1398 (5th Cir. 1997).

## III. DISCUSSION

The Alberta court dismissed all of DeShazo's claims as time-barred. As part of its analysis, the court determined the date that DeShazo's claims accrued for the purpose of applicable statutes of limitations. The key question before this court is whether the Alberta court's determination that DeShazo's claims accrued in February 2000 has preclusive effect in this case. If it does, the accrual date issue cannot be relitigated, and all of DeShazo's claims in this suit are time-barred under federal and Texas law. However, if the Alberta court's

---

[7] Defendants urge an "abuse of discretion" standard, citing J.M. Muniz, Inc. v. Mercantile Texas Credit Corp., 833 F.2d 541, 543 (5th Cir. 1987) ("Collateral estoppel is an equitable doctrine resting within the broad discretion of the lower court."). However, the abuse of discretion standard applies only in appealing a district court's refusal to apply "offensive" collateral estoppel. See, e.g., Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387, 392 (5th Cir. 1998). In any event, because DeShazo's arguments fail under either standard, the court need not decide which standard of review is correct. See Fin. Acquisition Partners LP v. Blackwell, 440 F.3d 278, 284 (5th Cir. 2006) ("Some opinions by our court hold review of a collateral-estoppel decision is de novo . . . others, for abuse of discretion . . . . Because Plaintiffs' collateral-estoppel contention fails under either standard, we need not decide which to apply.").

determination lacks preclusive effect, the district court may consider anew when DeShazo's claims accrued.

"'[W]hen an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" RecoverEdge L.P. v. Pentecost, 44 F.3d 1284, 1290 (5th Cir. 1995) (quoting Ashe v. Swenson, 397 U.S. 436, 443 (1970)). A foreign court judgment generally has preclusive effect in domestic federal courts. See, e.g., Zorgias v. S.S. Hellenic Star, 370 F. Supp. 591, 592-93 (E.D. La. 1972) (applying federal law to determine the preclusive effect of a Greek judgment), aff'd, 487 F.2d 519 (5th Cir. 1973); Mpiliris v. Hellenic Lines, Ltd., 323 F. Supp. 865, 872-74 (S.D. Tex. 1969) (same), aff'd, 440 F.2d 1163 (5th Cir. 1971).

In the Fifth Circuit, a prior judgment has collateral estoppel effect if (1) the issue in the current suit is identical to the issue in the prior action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in the earlier action. Stripling v. Jordan Prod. Co., 234 F.3d 863, 868 (5th Cir. 2000). The parties' dispute centers on the first prong of this standard. In assessing whether the current suit involves the identical issue as the prior suit, both the facts and the legal standards used to assess the facts must be identical. Brister v. A.W.I., Inc., 946 F.2d 350, 354 n.1 (5th Cir. 1991). In this appeal, DeShazo argues that the Alberta court applied a different legal standard to a different set of facts in determining the accrual date for his claims.

Before the Alberta court, DeShazo alleged fraud, an oppressive scheme, conspiracy, and breach of fiduciary duty. In the district court, he claimed fraud and fraudulent inducement, RICO violations, intentional interference with contract and/or prospective business arrangements, conspiracy, and breach of fiduciary duty. In both courts, DeShazo alleged fraud and misrepresentation

related to his two sales of his Ecolo shares. The legal claims in the Canadian court and the district court derive from the same set of factual allegations.

Regarding the relevant legal standards, we must compare the statutes of limitations applied in the Canadian court and those that would apply to DeShazo's state and federal law claims in the district court. The Alberta court applied the following limitation rules to all of DeShazo's claims:

> [I]f a claimant does not seek a remedial order within
>> (a) 2 years after the date on which the claimant first knew, or in the circumstances ought to have known,
>>> (i) that the injury for which the claimant seeks a remedial order had occurred,
>>> (ii) that the injury was attributable to conduct of the defendant, and
>>> (iii) that the injury, assuming liability on the part of the defendant, warrants bringing a proceeding . . .
>
> the defendant, on pleading this Act as a defense, is entitled to immunity from liability in respect of the claim.

Limitations Act, R.S.A., ch. L-12, § 3(1) (2000) (emphasis added). DeShazo's federal and Texas-law causes of action similarly rely on a "knew or should have known" standard, although the limitations period varies for each of these causes of action. For fraud and fraudulent concealment, for example,

> If . . . the injured party is not aware of the fraud or the fraud is concealed, the statute of limitations begins to run from the time the fraud is discovered or could have been discovered by the defrauded party's exercise of reasonable diligence. Knowledge of facts that would lead a reasonably prudent person to make inquiry which would lead to a discovery of the fraud is knowledge of the fraud itself.

Jackson v. Speer, 974 F.2d 676, 679 (5th Cir. 1992) (internal citations omitted) (emphasis added). The same standard applies to DeShazo's other state-law claims. See Kona Tech. Corp. v. S. Pac. Transp. Co., 225 F.3d 595, 607 (5th Cir. 2000) ("The discovery rule postpones the running of the statute of limitations until such time as the claimant discovers, or in exercising reasonable diligence

should have discovered, facts that indicate he has been injured."). Similarly, for civil RICO claims, this circuit follows an "injury discovery" rule, under which a claim accrues "when a plaintiff knew or should have known of his injury." *Rotella v. Wood*, 528 U.S. 549, 553 (2000) (summarizing the Fifth Circuit's approach). The relevant Canadian, federal, and Texas statutes of limitations all hinge on a "knew or should have known" standard in determining when the limitations period begins to run.

The date DeShazo's claims accrued is central to this case because under the Alberta court's accrual date, all of DeShazo's claims would have been time-barred when he filed his suit in district court on September 19, 2005. The statute of limitations for his fraud, RICO, and breach of fiduciary duty claims is four years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(4)-(5) (fraud and breach of fiduciary duty); *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987) (RICO). DeShazo encourages the court to adopt September 19, 2001, the date of his second stock sale, as the accrual date for his claims, which would allow him to assert his RICO, fraud, and breach of fiduciary duty claims. The remaining two claims—conspiracy and intentional interference with business relations—carry two-year statutes of limitations and therefore would be time-barred regardless of whether the accrual date is February 2000 or September 2001. *First Nat'l Bank of Eagle Pass v. Levine*, 721 S.W.2d 287, 289 (Tex. 1986) (interference with business relations); *Mayes v. Stewart*, 11 S.W.3d 440, 453 (Tex. App. 2000) (civil conspiracy).

In his appeal, DeShazo argues that the issues before the district court are not identical to those in the Alberta court, and he therefore should not be precluded from litigating the question of when his claims accrued. Specifically, he contends that (1) his claim could not have accrued on February 2000 with respect to the second stock sale because the injury did not occur until the date of that second sale, September 19, 2001; (2) the Alberta court's opinion does not

address the role of his allegations of fraudulent concealment, which would toll the statute of limitations under Texas law; and (3) the Alberta court's opinion cannot preclude his federal RICO claims, which follow a different legal standard. We consider each claim in turn.

## A.    The September 2001 Sale

First, DeShazo argues that because his claim consists of two separate sales—in October 1999 and September 2001—at least a portion of his injury could not have accrued prior to the latter date. DeShazo claims that the Alberta court therefore could not have addressed his injury from the September 2001 sale when it set the accrual date for his claims at February 2000. "This is not a reasonable result," declares DeShazo.

Presumably, this amounts to a claim that the Alberta decision is not based on facts identical to those currently before the district court, undermining the preclusive effect of the prior decision. See Stripling, 234 F.3d at 868 (requiring that the issue in the current suit be identical to the issue in the prior action for collateral estoppel to apply). DeShazo speculates that the Alberta court did not need to decide whether the proper accrual date was February 2000 or September 2001, because with either accrual date, DeShazo's claims would have been barred under Canada's two-year statute of limitations. Under this reasoning, the only question before the Alberta court was whether DeShazo's claims accrued prior to July 8, 2002, bringing his July 8, 2004 suit within Canada's two-year limitations period. Because some of DeShazo's state and federal law claims carry four-year statutes of limitations in federal court, he contends that the accrual date question should be treated differently. This argument lacks merit.

To decide whether the suit was time-barred, the Alberta court did need to determine whether the accrual date was within two years of the filing date of the suit. However, in deciding that question, the Alberta court also determined a specific date on which the claims accrued. The fact that it set a specific accrual

date does not mean that the court failed to consider DeShazo's claims in full—nor does it suggest that the court would have decided the question differently for claims with a four-year limitations period.[8]

Moreover, the Alberta court explicitly considered the September 2001 sale in setting the accrual date. DeShazo's pleadings before the Alberta court list the facts of both sales, and the Alberta court's opinion itself recounts details of both sales. See DeShazo v. Nations Energy Co., [2005] 367 A.R. 267, para. 2, 3, 21 (Ct. App. Alberta). Thus, the Alberta court considered the "identical" issue before the district court, the requirements for collateral estoppel are met, and this court is precluded from considering the merits of DeShazo's accrual date claim. Even if this panel believed that the prior court's accrual date decision was wrong on the merits, the policy of collateral estoppel dictates that we refuse to consider DeShazo's identical claims: "even arguably erroneous judgments have preclusive effect if the requirements for collateral estoppel are satisfied." RecoverEdge, 44 F.3d at 1296. Therefore, we decline to consider the merits of DeShazo's arguments on the accrual date issue.

B.    Fraudulent Concealment

Next, DeShazo claims that (1) the Alberta court did not address his claims of fraudulent concealment; and (2) Texas law on fraudulent concealment differs from Canadian law. He is incorrect on both points.

---

[8] Although DeShazo does not explicitly say so, his claim here might be read as an argument that the Alberta court's accrual date determination was not "a necessary part of the judgment," see Stripling, 234 F.3d at 868, because the Alberta court needed to decide only the binary question of whether the suit was time-barred. As we note above, however, as part of that inquiry the court set a specific accrual date, which it then used to gauge whether various claims were time-barred.

First, the Alberta court already considered DeShazo's allegations of fraudulent concealment.[9] Thus, the Alberta court was well aware of the facts underlying the fraudulent concealment claim.

Second, the Alberta court applied a legal standard identical to the Texas law on fraudulent concealment. Under federal and Texas law, fraudulent concealment tolls the relevant statutes of limitations. Colonial Penn. Ins. v. Market Planners Ins. Agency, Inc., 157 F.3d 1032, 1035 (5th Cir. 1998) ("Fraudulent concealment tolls the statute of limitations until the claimant discovers or with reasonable diligence should have discovered the fraud."); Velsicol Chem. Corp. v. Winograd, 956 S.W.2d 529, 531 (Tex. 1997) (noting that fraudulent concealment "tolls the statute [of limitations] until the fraud is discovered or could have been discovered with reasonable diligence"). Notably, both the Texas and federal standards allow tolling for fraudulent concealment only until the plaintiff knew or should have known of his injury. The Alberta court accrual standard also turns on when the plaintiff "first knew, or in the circumstances ought to have known" of his injury. Limitations Act, R.S.A., ch. L-12, § 3(1)(a). Under either standard, the statute-of-limitations clock starts when the plaintiff knew or should have known of his injury, and fraudulent concealment does not toll beyond that point. Therefore, the Alberta court's determination that DeShazo knew or should have known of his injury in February 2000 would render DeShazo's fraudulent concealment claims meritless under federal and state law.

---

[9] See, e.g., DeShazo v. Nations Energy Co., [2005] 367 A.R. 267, para. 11 (Ct. App. Alberta) ("DeShazo alleges that he made several attempts to obtain additional information from the defendants Hashim, O'Mara and NovoMundo, but that he was repeatedly told that there was no basis for his suspicions."); id. at para. 20 ("DeShazo's affidavit also asserts that he made inquiries regarding the true ownership of NovoMundo, but was repeatedly stonewalled by the defendants . . . .").

DeShazo relies on Cherry v. Victoria Equipment and Supply, Inc., 645 S.W.2d 781, 782 (Tex. 1983), for the proposition that despite his knowledge of facts giving rise to his claim, "a defendant's affirmative denial of such facts will toll limitations if the potential plaintiff has reason to rely on defendant's (mis)representations." However, the rule in Cherry does not override the "knew or should have known" rule. In Cherry, the Texas Supreme Court reversed a grant of summary judgment in favor of the defendant where the plaintiff raised a fact question as to whether the defendant's deposition testimony amounted to fraudulent concealment. Id. The plaintiffs in that case relied on the defendant's misrepresentations in a deposition that he was not involved in events related to their claim. Id. Unlike the instant case, however, the plaintiffs in Cherry were entirely unaware of the defendant's involvement in the case. Id.

Here, by contrast, the Alberta court considered substantial evidence that DeShazo was aware of the fraudulent scheme by February 2000. For example, the court noted that Thomas told DeShazo of his suspicions about O'Mara's role in a fraudulent scheme involving NovoMundo in August 1999. DeShazo v. Nations Energy Co., [2005] 367 A.R. 267, para. 21 (Ct. App. Alberta). DeShazo suspected that Hashim was involved with NovoMundo in December 1999. Id. DeShazo wrote in a January 2000 email that he believed O'Mara "took a Nations Energy opportunity and is using it for his own personal economic advantage . . . ." Id. And in February 2000, DeShazo received a report written by Thomas that concluded that "O'Mara probably owns and controls NovoMundo and that he established NovoMundo to act as a false buyer of oil from KBM, re-selling the crude to third party buyers for his own profit." Id. Thus, the Alberta court considered numerous facts suggesting that—despite any possible fraudulent concealment—DeShazo knew of the fraudulent scheme in February 2000. Because DeShazo's fraudulent concealment argument would have no bearing on

the accrual date issue, the Alberta court's determination of that date had preclusive effect on the district court.

## C.    RICO Claims

Finally, DeShazo contends that Defendants engaged in a continuing course of RICO violations from January 1999 to the present.  Here, DeShazo essentially repeats his claim that the September 2001 sale was a separate injury and thus a separate cause of action for purposes of the limitations period.  This amounts to a claim that the Alberta court applied a different standard and therefore did not consider issues identical to those in the instant case.  See Stripling, 234 F.3d at 868.

The Fifth Circuit has adopted a "separate accrual" rule for civil RICO claims, which "allows a civil RICO claim to accrue for each injury when the plaintiff discovers, or should have discovered, that injury."  Love v. Nat'l Med. Enters., 230 F.3d 765, 773-75 (5th Cir. 2000).  The "separate accrual" rule, however, does not apply where a plaintiff already knows or should know of the fraud.  Klehr v. A.O. Smith Corp., 521 U.S. 179, 186-87 (1997) (rejecting a "last predicate act" rule in civil RICO cases that allowed the limitations period to restart at "the last injury or predicate act," even if the plaintiff had already suffered an injury and discovered the pattern of fraudulent conduct); see also Prieto v. John Hancock Mut. Life Ins. Co., 132 F. Supp. 2d 506, 524 (N.D. Tex. 2001) (applying the "separate accrual" rule and refusing to toll the statute of limitations for injuries that occurred once the plaintiff was on notice of the alleged fraud), aff'd, 35 F. App'x 390 (5th Cir. 2002).  In Love, for example, the Fifth Circuit noted that there was no evidence that plaintiff was aware of any fraudulent conduct until the end of a series of violations that occurred over three years.  Love, 230 F.3d at 778.  In this sense, the "separate accrual" rule is no different than the Canadian "knew or should have known" standard.  Here, the Alberta court concluded that DeShazo was or should have been aware of the

fraudulent scheme in February 2000, yet he continued to rely on Defendants' fraudulent representations. RICO would offer DeShazo no broader remedy. Therefore, the identical issue requirement for collateral estoppel is met and DeShazo may not relitigate this issue in the district court.[10]

## IV. CONCLUSION

For the foregoing reasons, we affirm the district court's dismissal of DeShazo's claims on the basis of collateral estoppel.

AFFIRMED.

---

[10] Because we hold that DeShazo is collaterally estopped from relitigating the accrual date issue, we need not address Nations Energy's alternative argument based on international comity and res judicata (claim preclusion) or Defendants' claim that the district court lacked personal jurisdiction over Hashim, Hirschler, and Ecolo.